THE RICHMOND AND DANVILLE RAILROAD *vs.* GREEN.

1. There was sufficient evidence to sustain the verdict, and the presiding judge did not abuse his discretion in refusing a new trial, on the ground that the verdict was without evidence to support it.
2. Whether or not the charge excepted to was incorrect, it is unnecessary to decide. If it was, it was fully cured by the entire charge of the court, in which he repeatedly told the jury that if the plaintiff, an injured employé of a railroad, was at all at fault, he could not recover.

Judgment affirmed.

January 21, 1885.

BLANDFORD, Justice.

[Green sued the Richmond and Danville Railroad for an injury to his hand, caused by a train of defendant, laying his damages at $10,000.00. The evidence of the plaintiff was, in brief, as follows: He was a flagman on defendant's train, and as such his duties were to couple cars, change switches, pass up wood, etc. There was also a train hand who did like services, he being generally at the front of the train and the other at a different place, but either acting, according to which was nearest at the time. On March 2, 1882, the train reached Beaufort, S. C., after dark, where some cars were to be taken on. Plaintiff uncoupled the engine and two or three cars from the main body of the train, and they ran down past the switch and came back on the side-track, where the cars to be coupled

were.  Plaintiff went to these cars, and as the approaching cars came within a car-length or a car-length and a half (a car length being from thirty to forty feet), he raised his lantern as a signal to the engineer to " slack up," and then went on the track and placed the coupling-pin in a slanting position, so as to fall into the link properly.  When he went on the track, he waved his lantern as a signal to stop.  As he started in, he saw the train coming back at the rate of four or five miles per hour, and the train-hand who had changed the switch was coming beside it.  The engineer did not slacken the speed, but ran back at the same speed.  From two to two and a half miles per hour is as fast as a train ought to come back to couple cars, and not over one mile with cars constructed as these were.  They had sills projecting at the ends, as is usually the case, and also had what are called " dead-blocks," being blocks of wood projecting from the end of the car over the bumper to within about two inches of the end of the latter.  When plaintiff had placed the pin, he saw that the backing cars had not stopped, and started to turn and go out from the track, but seeing that he did not have time and would be caught, he thought the safest and best thing to do was to couple the cars.  He caught hold of the link and guided it, and seeing that his arm would be caught, he jerked his hand up; it struck the end of the projecting pin and was caught between the dead blocks and crushed.  He had coupled some cars of this kind before.

There was also evidence as to the extent of the injury and the value of the plaintiff's services and the expectancy of life which he had.

Defendant introduced no evidence.  The jury found for the plaintiff $1,700.00.  Defendant moved for a new trial.  The motion was overruled, and defendant excepted.]