CRENSHAW *v.* CRENSHAW.

JENKINS, Presiding Justice. On July 6, 1942. Edwin P. Crenshaw, alleging that he was a bona fide resident of Fulton County, Georgia, and had been such for more than twelve months before the bringing of his peti-

tion, filed suit in that county for a total divorce against his wife, Georgia C. Crenshaw, and alleged that she was a resident of Evanston in the State of Illinois. The ground of the complaint was cruel treatment. The plaintiff testified, in support of the allegations of his petition, as to all jurisdictional facts. According to this uncontradicted evidence, he had returned in June, 1940, to Georgia, where his parents reside, and where he had lived up to 1919, had definitely adopted Fulton County as his home and place of residence, and had since continuously maintained a home there, travelling out of Atlanta while engaged in the work of a salesman, which covered the territory embraced by several States in the central part of the United States. He testified that since establishing such residence he had voted and served on the petit jury. His testimony, although denied by the defendant, also supported the allegations of his petition with respect to cruel treatment. The jury, by two verdicts, found for the plaintiff; and a decree of total divorce was entered in his favor, the disabilities of the defendant also being removed. The exceptions are based only on the general grounds; the defendant having denied the alleged cruel treatment and having sought to disprove the plaintiff's allegations with respect to his former residence by showing that he had previously sued her for divorce ineffectively, in the State of Illinois, and that before the institution of the present suit, he had brought, but dismissed, a suit for divorce against her in Fulton County, Georgia. She also insists that the $250 per month allowed as her alimony was inadequate in view of the earnings of the plaintiff. *Held:*

1. The proof having shown, without substantial contradiction, that the plaintiff had established a bona fide and continuous residence in Fulton County, Georgia, more than twelve months before the bringing of the petition. it became wholly immaterial as to whether or not the plaintiff might have brought a previous premature action which he may have found advisable to dismiss.

2. "Under the statutes of this State, when a husband obtains a divorce from his wife upon the ground of cruel treatment, it is for the jury to say whether they will allow the divorced wife permanent alimony." *Lowry* v. *Lowry*, 170 *Ga.* 349, 351 (153 S. E. 11, 70 A. L. R. 488); *Alford* v. *Alford*, 189 *Ga.* 630 (3) (7 S. E. 2d, 278); *Brock* v. *Brock*, 183 *Ga.* 860 (190 S. E. 30).

      *Judgment affirmed. All the Justices concur.*