## AUD v. AUD.

JENKINS, Presiding Justice. 1. Where there have been verdicts for divorce in favor of a wife, this amounts to an adjudication that the fault lay with the husband; and it will generally follow as a' matter of course that the wife would be entitled to alimony (*Wilkes* v. *Wilkes*, 157 *Ga.* 841, 122 S. E. 548; *Campbell* v. *Campbell*, 90 *Ga.* 687, 16 S. E. 960; *McGee* v. *McGee*, 10 *Ga.* 477, 483); but even then this is not necessarily so, since the evidence as to the financial circumstances and material resources of each, the condition of the health of the parties, and the ability of the husband to pay, might, despite such adverse verdicts as to where the fault lay, justify the jury in absolving him from the duty of paying permanent alimony. *Simmons* v. *Simmons*, 194 *Ga.* 649 (22 S. E. 2d, 399); *Lanier* v. *Lanier*, 194 *Ga.* 799 (2) (22 S. E. 2d, 651).

2. Whether or not the rule which obtains in favor of the wife, where such an adjudication has been made in her favor as to where the fault lay, would have application here where the verdicts of the juries merely set forth that a total divorce "between the parties" was authorized and'both the plaintiff and the defendant were authorized to remarry (see *Alford* v. *Alford*, 189 *Ga.* 630 (3), 7 S. E. 2d, 278; *Taylor* v. *Taylor*, 195 *Ga.* 711, 25 S. E. 2d, 506), the evidence in this case as to the relative financial and material resources of each of the parties, the relative

condition of the health of the parties, the necessity of the wife to receive, and the ability of the husband to pay, alimony, while to a large extent vague, indefinite, and uncertain, did not demand a finding that the wife was entitled to alimony. It can not be told from the evidence embodied in the record just what the facts are with respect to these matters, although it does appear in a general way that the health of the husband was, or had been impaired, and that the wife was capable of earning and did in fact earn for herself an adequate support. Accordingly, this court can not say as a matter of law that there was not sufficient evidence to sustain the verdict in favor of the husband on the question of alimony, or that a contrary verdict in favor of the wife was demanded. Especially so, when the record fails to disclose any adjudication in favor of the wife on the question of their relative conduct, such as would have ordinarily entitled her to alimony as a matter of course. The judgment of the trial judge overruling the motion for new trial will not be disturbed. See *Grubb* v. *Kalb*, 37 *Ga.* 459; *Richmond & Danville Railroad* v. *Green*, 73 *Ga.* 814; *Peters* v. *Monroe Oil & Fertilizer Co.*, 158 *Ga.* 523 (123 S. E. 618); *Quinton* v. *Peck*, 195 *Ga.* 299 (7) (24 S. E. 2d, 36).

*Judgment affirmed. Bell, C. J., Duckworth, Atkinson, and Wyatt, JJ., concur.*

No. 15217.   JULY 3, 1945.

*Marvin O'Neal,* for plaintiff.    *Aaron Kravitch,* for defendant.