CARAWAN *v.* CARAWAN.

CANDLER, Justice. The controlling question presented by the writ of error is whether the allegations of the husband's petition for divorce were sufficient to constitute a case of cruel treatment, and to authorize the jury, upon due proof thereof, to grant a divorce on such ground. After alleging sufficient facts to authorize a divorce on the ground of wilful and continued desertion for the prescribed period of time, the petitioner alleged as follows: "There is no happiness for petitioner as a result of said desertion and other things such as: For ten years or longer the defendant has nagged at petitioner without cause, and has complained against him and criticized and quarreled at him almost continuously. That this quarrelsome attitude, domineering and criticizing attitude on the part of the defendant has caused petitioner's health to become seriously affected, and he is very unhappy, and that he is ill." The wife, by her answer and cross-action, denied the allegations of the petition, and prayed for a divorce and permanent alimony, basing her action on alleged acts of cruelty committed against her. The jury returned the following verdict: "The within and foregoing case having been presented to the jury, after presentation of evidence, as prescribed by law, it is the verdict of the jury that a total divorce be granted, that is to say, a divorce a vinculo matrimonii, between the parties to the above-stated cause, upon legal principles. The plaintiff herein shall have

the right to remarry and the defendant shall have the right to remarry. The defendant shall have the use of the apartment in which she now resides or one in equal value as long as plaintiff lives. And $25 per month as alimony." Thereafter, on motion of the wife, a new trial was granted, but only on the issue of permanent alimony. No exception was taken to this order. After evidence for both sides was presented, the husband made a motion that a verdict denying alimony to the wife be directed in his favor on the ground that he had been granted a total divorce on his petition, based on the ground of wilful and continued desertion by her for a period of more than three years. The court denied the motion and submitted the case to the jury for determination, to which ruling exceptions pendente lite were duly filed. The jury returned a second verdict in favor of the wife on the issue of permanent alimony. The husband's motion for new trial based upon the general grounds which raised the same question as contained in the motion for a directed verdict, as amended by two additional grounds which complained of portions of the charge, was overruled, and he excepted, also assigning error on the exceptions pendente lite. *Held:*

1. A petition for divorce may contain grounds both of cruel treatment and of desertion, without asserting inconsistent rights or remedies. *Allen* v. *Allen,* 194 *Ga.* 591 (3) (22 S. E. 2d, 136).

2. The allegations of the petition were sufficient to set out a cause of action for a divorce on the ground of cruel treatment, and upon due proof thereof, the jury would be authorized to grant a divorce. *Pierce* v. *Pierce,* 145 *Ga.* 886 (89 S. E. 1045); *Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (125 S. E. 856); *Westberry* v. *Westberry,* 173 *Ga.* 42 (159 S. E. 671); *Stanley* v. *Stanley,* 178 *Ga.* 814 (174 S. E. 531); *Morris* v. *Morris,* 202 *Ga.* 431 (43 S. E. 2d, 639).

3. Where both parties to a divorce suit introduce evidence in support of their respective prayers for divorce, and the jury returns a verdict finding in favor of a total divorce between the parties, without stating whether the verdict is for the plaintiff or the defendant, it will be construed to be for the plaintiff. *Taylor* v. *Taylor,* 195 *Ga.* 711 (25 S. E. 2d, 506); *Hyde* v. *Hyde,* 200 *Ga.* 635 (38 S. E. 2d, 287). This rule is not otherwise by reason of the Revision of the Divorce Laws (Ga. L. 1946, pp. 90-93).

4. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code, § 110-105. The construction of a verdict may be aided by a consideration of the pleadings and the evidence. *Landrum* v. *Rivers,* 148 *Ga.* 774 (98 S. E. 477); *Short* v. *Cofer,* 161 *Ga.* 587 (131 S. E. 362). The allegations of the husband's petition being sufficient to set out a cause of action for divorce on the ground of cruel treatment, and the verdict being in his favor on the issue of divorce, with permanent alimony awarded to the wife, it would be unreasonable to assume, as a matter of law, that the verdict was based upon the ground of wilful and continued desertion by the wife, which would be a bar to her claim for permanent alimony.

5. The trial judge may, within the restrictions prescribed by the Code, § 110-104, direct a verdict, but this court will in no case reverse a re-

fusal to do so. *First National Bank of Birmingham* v. *Carmichael,* 198 *Ga.* 309, 314 (31 S. E. 2d, 811).

6. The assignment of error on the exception pendente lite to the overruling of the motion of the plaintiff in the original case, to be allowed to proceed as plaintiff and to be granted the opening and concluding arguments on the separate hearing for permanent alimony, not having been argued in the brief, is treated as abandoned. *Knowles* v. *White,* 199 Ga. 773 (35 S. E. 2d, 451).

7. On a second hearing for permanent alimony, the contentions of the parties, as made in the original action for divorce and permanent alimony, and the conduct of the respective parties, are proper matters for consideration by the court and jury, and special grounds 4 and 5 of the amended motion for new trial, complaining of certain portions of the charge to the jury, are without merit.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness, and Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16084. FEBRUARY 12, 1948.

*John H. Hudson* and *J. Walter LeCraw,* for plaintiff.

*Hathcock, Milam & Smith,* and *George C. Mitchell,* for defendant.