FRIED *v.* FRIED; *et vice versa.*

ALMAND, Justice. When this case was previously before this court (*Fried v. Fried,* 208 *Ga.* 861 (69 S. E. 2d, 862), it was there held that, where a wife sues for a total divorce and prays for permanent alimony, and the evidence shows, as it does in this case, that she has no separate estate or means of support, and that her husband is amply able to support her, a verdict which grants a divorce to the wife but denies

permanent alimony is contrary to law so far as alimony is concerned. On another trial the jury returned a verdict allowing $125 a month as alimony and support of child, but denying any alimony or support for the wife. The wife filed a motion for new trial and also tendered her motion for modification of the verdict and decree, each of which complained of the charge in reference to alimony, and because the verdict allowing alimony to the child was inadequate. The court in separate orders overruled the motion for new trial and the motion to .modify the judgment and decree, to which rulings the wife excepted. The husband in a cross-bill excepted to an order denying his motion to dismiss the motion for new trial and motion to modify, the insistence being that he had paid and the wife had accepted the alimony fixed by the jury on the second trial for the child, and that she was now estopped to complain of the verdict. *Held:*

1. In the record of the second trial there is no substantial difference in the evidence from that adduced upon the former trial, and accordingly, whether the ruling upon the evidence when previously before this court was right or wrong, it has become the law of the case. *Jackson* v. *Jackson,* 209 *Ga.* 85 (70 S. E. 2d, 592), and cases cited.

2. In the absence of any evidence that the wife was guilty of misconduct, other than as contended on the first trial, the court erred in charging the jury to the effect that it was the duty of the husband to support the wife when living separately, according to his ability and to his condition in life, "unless the wife has forfeited the claim she has on the husband for support by her misconduct."

3. The sum of $125 per month awarded to the infant child as permanent alimony was to continue until she reached the age of 18 years, and it cannot be held as a matter of law that the verdict was contrary to the evidence because a larger amount was not awarded for the child. *Simmons* v. *Simmons,* 194 *Ga.* 649 (1) (22 S. E. 2d, 399).

4. The court did not err, as complained of in the husband's cross-bill of exceptions, in denying the husband's motion to dismiss the motion for new trial and motion to modify, the insistence being that he had paid and the wife had accepted the alimony fixed by the jury for the child on the second trial, and that the wife was now estopped to complain of the verdict. See, in this connection, *Coley* v. *Coley,* 128 *Ga.* 654 (1) (58 S. E. 205).

*Judgment reversed on the main bill of exceptions; and affirmed on the cross-bill. All the Justices concur, except Atkinson, P. J., not participating.*

Nos. 18194, 18202. ARGUED APRIL 13, 1953—DECIDED MAY 12, 1953— REHEARING DENIED JUNE 11, 1953.

*Edward F. Taylor* and *David L. Mincey* for plaintiff in error. *Jos. W. Popper* and *T. Arnold Jacobs,* contra.