18685.   FRIED *v.* FRIED.

ARGUED SEPTEMBER 13, 1954—DECIDED OCTOBER 11, 1954—
REHEARING DENIED NOVEMBER 10, 1954.

150

*Edward F. Taylor, David L. Mincey,* for plaintiff in error.

*T. Arnold Jacobs, Popper & Morgan, Joseph W. Popper,* contra.

HEAD, Justice. The controlling question in the present case is whether or not the court erred in admitting evidence as to the conduct of the parties prior to the divorce granted. The previous rulings of this court in *Fried* v. *Fried,* 208 *Ga.* 861 (69 S. E. 2d 862), and *Fried* v. *Fried,* 209 *Ga.* 854 (76 S. E. 2d 395), have become the law of the case and are not subject to review or

modification as to the right of the wife to recover alimony from the husband for the support of herself and minor child.

In *Fried* v. *Fried*, 208 *Ga.* 861, supra, this court construed the divorce to have been granted to the wife, and held that the verdict denying her alimony was contrary to law. The guilt or fault of the parties was fixed by the judgment of this court construing the verdict for divorce, and under the ruling that the wife was entitled to alimony, no discretion was vested in the jury to deny, or limit the amount of, alimony on the ground of cruel treatment.

This court having held that the wife was entitled to alimony, and that the evidence was sufficient to show that the husband was amply able to support the wife, this case would fall within the rule stated in *Robertson* v. *Robertson*, 207 *Ga.* 686 (1a) (63 S. E. 2d 876), wherein it was said: "The necessities of the wife, when entitled to alimony, and the husband's ability to pay it, are the controlling factors to be considered and followed in making an allowance for alimony; and awards therefor which are substantially disproportionate to either should not be permitted to stand."

In determining what amount may be necessary for the support and maintenance of the wife, the jury may take into consideration the wife's age, the condition of her health, her former position in the community as the wife of the defendant and her manner of living, her material resources, and her income, if any. On the husband's ability to pay, the jury may take into consideration his age, the condition of his health, his material resources, his present income, and any previous allowance voluntarily made by the husband for the support of the wife. Code §§ 30-207, 30-209, 30-211; *Odom* v. *Odom*, 36 *Ga.* 286, 319; *Halleman* v. *Halleman*, 65 *Ga.* 476; *Johnson* v. *Johnson*, 131 *Ga.* 606 (62 S. E. 1044); *Simons* v. *Simons*, 152 *Ga.* 469 (110 S. E. 281); *Simmons* v. *Simmons*, 194 *Ga.* 649 (22 S. E. 2d 399); *Aud* v. *Aud*, 199 *Ga.* 526 (34 S. E. 2d 655); *Boozer* v. *Boozer*, 207 *Ga.* 52 (60 S. E. 2d 150); *Knight* v. *Knight*, 209 *Ga.* 131 (70 S. E. 2d 770).

It is insisted by counsel for the defendant in error that the case of *Carawan* v. *Carawan*, 203 *Ga.* 325 (7) (46 S. E. 2d 588), supports the ruling of the trial court in admitting in evidence testimony as to cruel treatment prior to the divorce action. In the *Carawan* case the husband filed a petition for divorce on the

grounds of cruel treatment and wilful and continued desertion of the husband by the wife for more than three years. The wife by cross-action sought a divorce on the ground of cruel treatment, and prayed for permanent alimony. The jury returned a general verdict finding in favor of a total divorce, without stating whether the verdict was for the plaintiff or the defendant. A new trial was granted by the trial judge at the instance of the wife, but only on the issue as to permanent alimony, and there was no exception to that order. On the retrial of the cause on the issue of alimony, the trial judge instructed the jury that they might consider the conduct of the respective parties, which instruction of the trial judge was approved by this court.

The *Carawan* case is not in point on its facts with the present case and does not support the action of the trial judge in the present case in admitting on the alimony hearing evidence as to the conduct of the parties prior to the divorce. Since the divorce granted in the *Carawan* case was on the husband's charge of cruel treatment by the wife (under the ruling of this court), the jury was not required to grant the wife any amount as alimony, but might do so under their discretionary powers. *Crenshaw* v. *Crenshaw*, 197 *Ga.* 767, 768 (2) (30 S. E. 2d 480). While the verdict in the *Carawan* case, as construed, was for the husband, and in effect meant that the wife had been guilty of cruel treatment, it was still within the discretion of the jury whether or not they would allow the wife any amount as alimony, and the conduct of the parties was germane on the issue as to whether or not any alimony would be allowed.

The quotation in *Smith* v. *Smith*, 167 *Ga.* 98 (145 S. E. 63), appearing at page 108, from 19 C. J. 256, § 594, which is to the effect that the greater the wrongs inflicted on the wife by the husband, the more liberal the award of alimony should be, does not state the rule applicable in this State. The quotation referred to in the *Smith* case (which decision was by a divided bench) has not been followed in Georgia, and is not authority for a ruling by this court in the present case that the amount of alimony to be allowed the wife should have been determined on the basis of the wrongs inflicted by the husband. On the contrary, under the rulings of this court on the former appearances of the case here (which rulings fixed the law of the case), the

jury on the retrial of the cause should have limited its investigation to the needs of the wife and the ability of the husband to pay.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*