19871.   CORR *v.* CORR.

ARGUED OCTOBER 15, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

*A. Paul Cadenhead,* for plaintiff in error.

*Lee Evans, Douglas, Evans & Cole,* contra.

HEAD, Justice. In the present case the cross-action of the husband was based upon cruel treatment, and alleged sufficient facts, if supported by competent evidence, to support a decree of divorce between the parties. The bill of exceptions recites that no motion for new trial was filed by the husband. Such a motion is essential to test the sufficiency of the evidence to support the verdict. *Hamilton National Bank* v. *Robertson,* 177 *Ga.* 734 (171 S. E. 293); *Fleming* v. *Collins,* 190 *Ga.* 210 (9 S. E. 2d 157); *Cheatham* v. *Palmer,* 191 *Ga.* 617 (13 S. E. 2d 674).

In so far as the motion to set aside seeks to vacate and set aside the verdict, it is without merit. "There is no provision in law for setting aside a verdict except upon a motion for a new trial or a motion equivalent to a motion for a new trial, except as provided in the Civil Code (1910), § 6144 [now Code § 6-804]." *Lovelace* v. *Lovelace,* 179 *Ga.* 822 (1e) (177 S. E. 685); *New York Life Insurance Co.* v. *Cook,* 182 *Ga.* 409 (185 S. E. 711); *McDonald* v. *Wimpy,* 203 *Ga.* 498 (46 S. E. 2d 906); *Buchanan* v. *Nash,* 211 *Ga.* 343 (86 S. E. 2d 111).

"A motion to set aside a judgment, like a motion in arrest, must be based on defects apparent on the face of the record which are not amendable. It differs from a motion in arrest of judgment only in that the latter must be made during the term in which the judgment was rendered, while a motion to set aside a judgment may be made at any time within the statute of limitations." *Conway* v. *Gower,* 208 *Ga.* 348, 350 (66 S. E. 2d 740).

The husband relies solely upon his pleadings to establish his contention that "Alimony should not be awarded to a wife who abandons her husband without just cause." *Mullikin* v. *Mullikin,* 200 *Ga.* 638 (3) (38 S. E. 2d 281). In the present case the motion wholly fails to point out any defect, not amendable, in the pleadings of the husband, on whose cross-action the divorce was granted. There are no facts alleged in the husband's pleadings to the effect that the wife abandoned him without just cause.

In paragraph 35 of his original answer and cross-action, it is alleged that the husband left the premises occupied by the parties "after Dr. Corr was requested to." While it is not clear who requested him to leave, it appears from his allegations that he left the home of the parties voluntarily. In his amendment to his cross-action, in response to an amendment by the wife to her petition, it is alleged that a reconciliation was attempted, and that on November 30, 1956, while he was waiting to see his wife and trying to reconcile their differences, he learned that she was out with another man. It is then alleged: "When Dr. Corr learned of this episode he immediately told Mrs. Corr that under these conditions he could not resume their married life."

There is no inconsistency between the pleadings and the verdict and judgment in the divorce and alimony action. A plaintiff is precluded from disputing facts alleged in his bill. *Armour* v. *Lunsford*, 192 *Ga.* 598 (15 S. E. 2d 886); *Carver* v. *Carver*, 199 *Ga.* 352 (34 S. E. 2d 509); *Sells* v. *Sells*, 206 *Ga.* 650 (58 S. E. 2d 186).

" 'Under the statutes of this State, when a husband obtains a divorce from his wife upon the ground of cruel treatment, it is for the jury to say whether they will allow the divorced wife permanent alimony.' *Lowry* v. *Lowry*, 170 *Ga.* 349, 351 (153 S. E. 11, 70 A. L. R. 488); *Alford* v. *Alford*, 189 *Ga.* 630 (3) (7 S. E. 2d 278); *Brock* v. *Brock*, 183 *Ga.* 860 (190 S. E. 30)." *Crenshaw* v. *Crenshaw*, 197 *Ga.* 767, 768 (30 S. E. 2d 480).

The trial court did not err in denying the motion to vacate and set aside the award of permanent alimony to the wife.

*Judgment affirmed. All the Justices concur.*