### 25132. BYERS v. BYERS.

NICHOLS, Justice. Mrs. Oveda G. Byers filed a petition in which she sought separate maintenance for herself and minor child. Thereafter, the husband filed for divorce and the wife by way of a cross action sought a divorce. Before the trial the cases were consolidated and the issues thus made came on for trial without the intervention of a jury. A third-party claim was filed but dismissed before judgment. The wife was allowed temporary alimony in the amount of $105 per week as well as attorney's fees. On the trial of the issues the trial court granted the plaintiff a divorce and awarded alimony, child support and additional attorney's fees to the defendant wife and it is from the adverse rulings on such final decree that the plaintiff husband appeals. *Held:*

1. The first enumeration of error complains of the grant of alimony to the wife after the trial court granted the husband a divorce upon the grounds of desertion by the wife. While al-

imony is not permitted the wife under such a factual situation (*Wilcox v. Wilcox*, 221 Ga. 113 (143 SE2d 166)), yet in the present case where the plaintiff's petition alleged desertion by the wife and also alleged cruel treatment and the decree of the court did not specify on which ground the divorce was granted, and the evidence (based upon the husband's testimony) would authorize a divorce upon either ground, it will be construed as having been granted upon the ground (cruel treatment) which would be consistent with the remainder of the decree and not upon the ground (desertion) which would make other parts of the decree inconsistent. See *Wade v. Wade*, 222 Ga. 389 (1) (149 SE2d 816), and citations.

2. The alimony and child support were not as a matter of law excessive under the evidence adduced. The husband earned a salary of $104 per week from his job plus earnings from his part-time business as a contractor. He introduced his 1967 income tax return which showed a gross income from this business of $3,881.45 and a net income of $3,079.95. He also introduced a statement, for the first nine months of 1968, which showed a gross income of $807.84 with a net income of $317.39. A witness for the wife testified that during these two years the witness's company alone had paid the husband approximately $7,000 for construction work. The company was not listed in the statement of the husband showing 1968 income, and while the husband's attorney stated to the court that the husband had testified that he had included this income in his tax returns he obviously had not, since the total gross income from his part-time construction business, excluding the 1968 income as shown as being derived from other sources, was over $3,000 less than the amount paid by this one company alone. The annual payments required by the decree until the couple's child reaches 18 years of age is $4,160. Due to the contradictory evidence shown above, the husband's income was not definitely shown, but it was shown that he had paid alimony at the annual rate of $5,460 from October 16, 1967 until the date of the final decree on October 10, 1968, as well as keeping in force certain hospitalization and life insurance policies which he was no longer required to keep in force, that although he testified that he had borrowed money during such period of time on his one-half interest in the family dwelling, the final decree gave this property to the wife "subject to all outstanding indebtedness thereon," and it cannot be said

that the amount was excessive based upon all the evidence adduced.

(a) Even assuming, without deciding, that the last amendment filed by the wife asked for only $50 per week for herself and child as weekly payments of alimony, when the overall prayers of the petition are examined it cannot be said that the award of alimony was greater than that prayed for inasmuch as other items of alimony prayed for were not included in the final decree.

3. The award of additional attorney's fees in the final decree was not error as being in conflict with *Dobson v. Dobson*, 223 Ga. 432 (156 SE2d 72), *Grantham v. Grantham*, 222 Ga. 577 (151 SE2d 129), and similar cases where the award of attorney's fees was made after verdict and no order reserving such jurisdiction had been entered. In the present case the trial court heard the case without the intervention of a jury and the attorney's fees complained of were awarded in the same decree which granted the divorce, and the record discloses a hearing before the decree was rendered. Such attorney's fees cannot be said to be excessive so as to require a reversal.

4. The remaining enumeration of error has been expressly abandoned by the appellant.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 16, 1969—DECIDED APRIL 24, 1969—
REHEARING DENIED MAY 8, 1969.

Kenneth V. Byers, *pro se, F. L. Breen,* for appellant.
*Preston L. Holland,* for appellee.