### 26777. ROWE v. ROWE.

UNDERCOFLER, Justice. Noble R. Rowe filed a complaint seeking a divorce on the ground of cruel treatment from Fay W. Rowe in the Fulton Superior Court. The defendant filed an answer and cross complaint which sought a divorce on the ground of cruel treatment, temporary and permanent alimony, and certain injunctive relief. Counsel stipulated that the trial court could decide the ques-

tion of divorce between the parties and that the jury would only decide the issue of alimony.

On the question of alimony the record shows: The parties jointly own a house valued at $20,000 to $24,000; household furniture and furnishings; a 1955 automobile which the husband had conveyed to the wife previously; a 1961 automobile which he retained; a $2,000 life insurance policy on the life of the husband and on which the wife is the beneficiary; the husband had previously paid $200 as attorney's fees for his wife; the husband's income is $137 per week; the wife's income is $107 per week; the wife inherited "an interest" in property valued at $75,000 from her mother's estate. The jury returned a verdict finding no alimony for the wife and that verdict was made the judgment of the court. The exception is to this judgment. *Held:*

1. The appellant contends that the trial court erred in denying her a jury trial on the issue of divorce after a demand therefor had been made. There is no merit in this contention. The record shows that counsel for the appellant stipulated in open court that the issue of divorce would be tried by the judge and the issue of alimony by the jury. In *Dodd v. Dodd,* 224 Ga. 746 (164 SE2d 726) this court held: "'One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing.' *Henley v. Henley,* 217 Ga. 612 (124 SE2d 86). Compare *McLarin v. McLarin,* 224 Ga. 675 [163 SE2d 914]." See also *Holloman v. Holloman,* 228 Ga. 246. The contention of the appellant that the written demand for a jury trial cannot be withdrawn orally in open court is therefore without merit.

2. The appellant contends that the trial court erred in refusing to permit her to present to the jury evidence of the appellee's misconduct for their consideration in awarding alimony. There is no merit in this contention. "It is well established by decisions of this court that the jury is not authorized to consider the conduct or misconduct of either party in a suit for alimony as to the ques-

tion of the amount of alimony." *McCurry v. McCurry,* 223 Ga. 334, 335 (155 SE2d 378); *DuPree v. DuPree,* 224 Ga. 52 (3) (159 SE2d 708); *Boone v. Boone,* 225 Ga. 610 (2) (170 SE2d 414).

3. The appellant contends that the trial court erred "in refusing to permit the jury to know that appellant was being awarded a divorce on her counterclaim."

Under the stipulation of counsel for the parties, this was not error.

4. The appellant contends that the trial court erred in not granting her motion for a directed verdict on the issue of divorce at the close of the appellee's evidence. The parties stipulated that the appellee would not pursue his suit for divorce but that the issue of divorce would be tried on the cross complaint of the appellant after the issue of alimony had been submitted to the jury. The motion for directed verdict was therefore properly overruled.

5. The appellant contends that the trial court erred in sustaining the appellee's objection and in refusing to allow the appellant to explain her conduct which had been brought out on cross examination by the appellee's counsel regarding her refusal to let the appellee back into her home. There is no merit in this contention. The appellant testified that the reason the appellee was not allowed to return to the home was because he had "called me up and threatened me. . . His drinking and his constantly nagging and calling me up." This sufficiently explained her conduct.

6. The appellant contends that the trial court, after the jury had retired to consider its verdict, erred in refusing to permit her Exhibit No. 1 to go out with them. The record shows that when this exhibit was admitted into evidence without objection counsel had stated it was a folder containing drug bills. After the jury had retired to consider the verdict, the appellee objected to certain letters between doctors concerning the appellant which were contained in the folder with the drug bills. His objections

were that the letters constituted hearsay evidence and that no foundation had been laid for their admission. The appellant's counsel refused to expunge the letters from the folder and insisted that the folder be admitted into evidence in toto. The trial court sustained the objection to the letters and would not allow them into evidence with the drug bills. The appellant contends that this was error because the appellee had attempted to impeach her testimony by showing prior inconsistent statements about her drug expenses made by her at another hearing and because the objection was not timely made.

The letters objected to here are hearsay evidence and are not admissible. *Code* § 38-301; *Rogers v. Manning,* 200 Ga. 844, 849 (38 SE2d 724). When the exhibit was introduced into evidence, counsel for the appellant stated that it contained "drug bills" and no objection was made to its introduction. When it was discovered that the exhibit contained hearsay evidence, objection was made to it. It follows that there is no merit in these contentions of the appellant.

7. The appellant contends that the court should have instructed the jury that she "must be allowed alimony if the jury found that she had a need for such and the [appellee] was able to provide for her."

*Code Ann.* § 30-209 provides: "The jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband. In all cases where alimony is awarded to the wife, her separate estate and earning capacity, as well as any fixed liabilities of the husband for the support of minor children shall be taken into consideration in fixing the amount." Ga. L. 1806, Cobb, 224, 225; Ga. L. 1866, pp. 146, 147; 1966, p. 160. The Act of 1966 added all matter following the first sentence quoted. The trial court substantially charged this Code section. See also *Simmons v. Simmons,* 194 Ga. 649, 654 (22 SE2d 399).

8. The appellant contends that "the final judgment and decree entered by the trial court was error inasmuch as the verdict, on which the judgment denying alimony, attorney fees and the . . . [appellee's] interest in the house and furnishings to the . . . [appellant] was based, was illegal on the grounds stated above. Further, the taxing of costs to the defendant when the suit for divorce was granted to her on her cross complaint was error."

For the reasons stated in the preceding divisions of this opinion, the verdict and judgment are not illegal.

The court did not err in taxing costs. See Ga. L. 1966, pp. 609, 658 (*Code Ann.* § 81A-154 (d)).

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 13, 1971—DECIDED NOVEMBER 5, 1971.

*William Lewis Spearman,* for appellant.

*Nall, Miller & Cadenhead, R. Keegan Federal, Jr.,* for appellee.