## 27822. BROWN v. BROWN.

SUBMITTED APRIL 9, 1973 — DECIDED MAY 10, 1973.

*A. Frank Grimsley,* for appellant.

*Reddick & Hurt, Graydon D. Reddick,* for appellee.

MOBLEY, Chief Justice. This appeal is from the denial of a motion to set aside a judgment in a divorce case.

Sulla Matthews Brown brought her action for divorce against Calvin Harris Brown on the ground of cruel treatment. She sought an equitable distribution of a described house and its furnishings, and prayed for divorce, temporary restraining order, costs, and attorney fees. Notice of lis pendens was filed as to described real property.

The trial judge, hearing the case without the intervention of a jury, entered a judgment granting the divorce, providing for the division of personal property of the parties, and requiring the husband to pay any unpaid costs. The judgment stated that no award of attorney fees was made. It dissolved the notice of lis pendens. An amendment was later filed to the judgment, in which the judge made findings of fact and conclusions of law.

Thereafter the wife made a motion to set the judgment aside on several grounds. The two grounds which are insisted on in her enumeration of errors in the present appeal are: (1) The court's finding that she had no right or interest in the real property of the husband was contrary to the evidence that the husband, prior to their marriage, promised her that this property would be hers if she would marry him. (2) The court's finding that she did not make a proper showing to require the husband to pay her attorney fees was inconsistent with his finding that she had substantiated her allegation of cruel treatment.

The record of the appeal from the denial of the motion to set aside the judgment contains no transcript of the hearing on the motion, and it is stated in the brief for the wife that no transcript was taken. No transcript of the evidence in the divorce case is included in the record.

1. "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; Ga. L. 1967, pp. 226, 239, 240).

The pleadings of the wife in the divorce action, which are included in the record in the present appeal, do not allege any premarital agreement concerning the husband's real property. We must assume, in considering the motion to set aside, that the evidence in the divorce case authorized that portion of the judgment refusing to give the wife any property owned by the husband prior to their marriage.

2. The wife contends in her motion to set aside the divorce judgment that the denial of attorney fees to her (as permanent alimony) was inconsistent with the finding of the judge that the evidence supported her allegation of cruel treatment. It is asserted that the finding in her favor as to her right to divorce from her husband demanded a finding that she was entitled to alimony.

Code § 30-209, as amended by Ga. L. 1966, p. 160 provides in part: "The jury rendering the final verdict in a divorce suit may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband."

In *Simmons v. Simmons,* 194 Ga. 649, 654 (22 SE2d 399), after referring to Code §§ 30-207, 30-209, and 30-210, this court held: "None of these statutes declares that alimony must or shall be granted in any case, although it has been held that where the wife has no separate estate or means of support and the husband is able to support her, a verdict granting a divorce but denying alimony is contrary to law as to the latter feature. *Campbell v. Campbell,* 90 Ga. 687 (16 SE 960); *Wilkes v. Wilkes,* 157 Ga. 841 (122 SE 548). It is not the law, however, that in every case in which the wife is granted a total divorce, permanent alimony must also be awarded to her. Various other facts and circumstances may require con-

sideration." See also *Lanier v. Lanier,* 194 Ga. 799 (2) (22 SE2d 651); *Rowe v. Rowe,* 228 Ga. 302 (7) (185 SE2d 69).

We must assume that the evidence in the divorce case showed that the wife had a separate estate or means of support, or that the husband was unable to support her, or there was some other circumstance which would justify the court in denying attorney fees to the wife.

It was not error to deny the motion to set aside.

*Judgment affirmed. All the Justices concur.*