## 28381. PHILLIPS v. PHILLIPS.

JORDAN, Justice. Appellant, Elfrieda Phillips, filed a complaint in the Superior Court of Gwinnett County against her husband Russell Phillips, appellee here, seeking a total divorce on the grounds of cruelty, desertion, and adultery, asking custody of the two minor children, child support, alimony, property division, and other appropriate relief. The appellee filed his answer and a cross bill denying his wife's allegations and asking for a divorce on the same grounds. After several continuances the case came to trial on March 5, 1973, whereupon the jury found in favor of the husband appellee and granted him a total divorce. The jury verdict awarded the appellant custody of the children, the house and household goods, $10,000 alimony to be paid at the rate of $250 per month for the next 40 months or until appellant remarries, $200 per month per child as child support, and the automobile she was then driving. From the overruling of her amended motion for new trial she appeals. *Held:*

1. Appellant's complaint as to the inadequacy of the alimony award is not meritorious. When the verdict in a divorce case alleging these grounds is in favor of the husband, the wife has no standing to complain that the alimony awarded her is not proportionate to her needs and the husband's ability to pay since she is not entitled to alimony as a matter of course in that situation. *Wells v. Wells,* 226 Ga. 282 (174 SE2d 407); *Singleton v. Singleton,* 202 Ga. 269 (42 SE2d 737); *Alford v. Alford,* 189 Ga. 630 (7 SE2d 278); *Crenshaw v. Crenshaw,* 197 Ga. 767 (30 SE2d 480).

2. Appellant complains that the amount awarded her for child support, $200 per month for each of her two minor children, is inadequate and does not sufficiently provide for the children's medical and educational needs. Pretermitting the question of appellant's standing, we find that there was sufficient evidence in the record, though conflicting, to form a basis for the jury's award of child support in the amount shown. It cannot be held as a matter of law that the amount awarded appellant was inadequate. It is the duty of the jury to utilize their own experience and judgment in determining what amount is sufficient for the support of the children. *Hilburn v. Hilburn,* 163 Ga. 23 (3) (135 SE 427).

3. The appellant's contention that the verdict granting a divorce to the husband was contrary to the law and evidence is not meritorious. There was sufficient evidence in the voluminous record to justify the jury's verdict. The trial court did not err in overruling appellant's amended motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 14, 1973 — DECIDED JANUARY 8, 1974 — REHEARING DENIED JANUARY 28, 1974.

*Glenn Zell,* for appellant.