### 31336, 31481. ANDERSON v. ANDERSON; and vice versa.

UNDERCOFLER, Presiding Justice.

This divorce case arises from the consolidated appeals of the wife from a judgment of divorce entered on

the pleadings and from a pre-trial order limiting the evidence to be presented at the jury trial on alimony and the division of property. We affirm the judgment of divorce and reverse the ruling on the pre-trial order.

The wife, after about twenty-five years of marriage, filed this action seeking a divorce, on the ground the marriage was irretrievably broken (Code Ann. § 30-102 (13)), and alimony. Her husband answered and counterclaimed for divorce on the same grounds, but also alleged adultery (Code Ann. § 30-102 (6)). He later amended his answer adding that the wife was not entitled to any alimony because of her alleged adultery. The wife also amended her petition by eliminating the irretrievably broken ground and demanding a divorce for adultery and cruel treatment (Code Ann. § 30-102 (10)). That same day the husband moved for a judgment on the pleadings. The trial court granted the husband's motion as to the divorce, and reserved the remaining issues for a jury trial. The wife appealed in our case number 31336.

The husband then moved the trial court to limit the evidence at the jury trial for alimony and property division on the grounds of relevancy. The trial court ruled that the only evidence it would admit at the trial would be the husband's evidence related to the *wife's misconduct,* which would bar her recovery of alimony, and the wife's evidence of the *husband's conduct, which directly contributed to the wife's conduct* relevant to her right to alimony.[1] The wife also appealed this order; her interlocutory appeal was granted by this court in our case number 31481.

---

[1] "It is therefore ordered and adjudged that as to the question of alimony the only evidence as to the conduct of the husband which the Court will admit is that conduct which directly contributes towards the wife's conduct which might act as a bar to her recovery of alimony, that is, where the husband has encouraged the conduct, participated in the conduct or aided and abetted the wife in such misconduct.

"It is further ordered that the only evidence as to the conduct of the wife, which the Court will admit is that

1. Under our decision in *Marshall v. Marshall,* 234 Ga. 393 (216 SE2d 117) (1975), the judgment of divorce on the pleadings must be affirmed. See *Loftis v. Loftis,* 236 Ga. 637 (225 SE2d 685) (1976).

2. The wife urges in addition, however, that the trial court erred in ruling that the evidence at the jury trial solely on the issues of alimony and the division of property will be limited to her adultery, while essentially disallowing any evidence of similar misconduct by him. The husband argues that since adultery bars her right to alimony her adultery is relevant, while any evidence of his adultery is not. The question presented is one of first impression, since this divorce has been granted on the "no fault" ground.

It has long been the rule that the misconduct of the parties is relevant only to *whether* the wife receives alimony and not to the *amount* of alimony to be awarded. *Rowe v. Rowe,* 228 Ga. 302 (185 SE2d 69) (1971); *Dupree v. Dupree,* 224 Ga. 52 (159 SE2d 708) (1968); *McCurry v. McCurry,* 223 Ga. 334 (155 SE2d 378) (1963). Where the wife is granted the divorce, she is entitled to alimony and the *amount*[2] is determined by the jury considering only her need and the husband's ability to support her.[3] *Fried v. Fried,* 211 Ga. 149 (84 SE2d 576) (1954). See *Brown v. Brown,* 230 Ga. 566 (198 SE2d 182) (1973); *Fried v. Fried,* 209 Ga. 854 (76 SE2d 395) (1953); *Gardner v. Gardner,* 206 Ga. 669 (58 SE2d 416) (1950); *Aud v. Aud,* 199 Ga. 526 (34 SE2d 655) (1945); *Simmons v. Simmons,* 194 Ga. 649 (22 SE2d 399) (1942).

---

evidence of misconduct which if believed by the trier of facts would prevent a recovery of alimony as a matter of law."

[2] The jury may find considering these factors that the appropriate *amount* is zero. *Aud v. Aud,* supra; *Simmons v. Simmons,* supra.

[3] "The guilt or fault of the parties was fixed by the judgment of this court construing the verdict for divorce, and under the ruling that the wife was entitled to alimony, no discretion was vested in the jury to deny, or limit the amount of, alimony on the ground of [her] cruel

Where the divorce is granted to the husband, the jury must decide in its discretion *whether* to award alimony to the wife. Thus the conduct of both of the parties may be considered by the jury[4] (*Phillips v. Phillips,* 231 Ga. 596 (203 SE2d 189) (1974); *Corr v. Corr,* 213 Ga. 699 (100 SE2d 922) (1957); *Carawan v. Carawan,* 203 Ga. 325 (46 SE2d 588) (1948); *Crenshaw v. Crenshaw,* 197 Ga. 767 (30 SE2d 480) (1944)), and the wife has no standing to complain about the amount she is awarded (*Phillips v. Phillips,* supra; *Crenshaw v. Crenshaw,* supra). If, however, the jury finds the wife has caused the divorce by her adultery, or by wilfully deserting her husband, and grants him the divorce, any alimony award to her is barred. *Mack v. Mack,* 234 Ga. 692 (217 SE2d 278) (1975); *Byers v. Byers,* 225 Ga. 263 (167 SE2d 640) (1969); *Brown v. Brown,* 217 Ga. 671 (124 SE2d 399) (1962); *Hyndman v. Hyndman,* 208 Ga. 797 (69 SE2d 859) (1952). In such a case, only *her* conduct is relevant. *Hudson v. Hudson,* 189 Ga. 410 (5 SE2d 912) (1939). Therefore, it is clear that conduct may be relevant to alimony under the fault concept of divorce, where the husband is awarded a divorce due to the fault of the wife in causing their separation.

The divorce here, however, has been granted by judgment on the pleadings on the "no fault" ground that the marriage is irretrievably broken. "Proof of fault is not required to show a marriage is 'irretrievably broken.' The parties *do not specifically complain of the other's conduct.* They merely state that their marital differences are insoluble and request a change of status. The only question is whether there are prospects for a reconciliation." *Harwell v. Harwell,* 233 Ga. 89, 90 (209 SE2d 625) (1974). (Emphasis supplied.) Therefore, even

---

treatment." *Fried v. Fried,* 211 Ga. 149, 151 (84 SE2d 576) (1954).

[4] ". . . the contentions of the parties, . . . *and the conduct of the respective parties,* are proper matters for consideration by the court and jury. . ." on the trial of alimony where the divorce had previously been awarded to the husband. *Carawan v. Carawan,* supra, Hn. 7.

when traditional fault allegations are put forth by affidavit, or as evidence at a hearing, on a motion for summary judgment on the irretrievably broken ground (see e.g.: *Manning v. Manning,* 237 Ga. 746 (1976); *McCoy v. McCoy,* 236 Ga. 633 (225 SE2d 682) (1976)), the primary finding is merely that the marriage is "one where either or both parties are unable or refuse to cohabit and there are no prospects for a reconciliation . . ." no matter what the reasons are that have caused that result. *Harwell v. Harwell,* supra at 91. Thus, under this ground, the divorce is granted to *both parties without any allocation of fault. Herring v. Herring,* 237 Ga. 771 (1976). That judgment is conclusive of any and all allegations of misconduct by the parties. Therefore alimony is authorized and the only question remaining is the amount, if any, which is to be determined by the jury at a trial. We reiterate that the misconduct of the parties is not relevant to the *amount* of alimony to be awarded.

Code Ann. § 53-508, which bars the wife's right to separate maintenance if she is living in adultery or deserts her husband without sufficient provocation,[5] is not in conflict with this holding. This section, found under the title on husband and wife,[6] Code Ann. Title 53, has been applied to divorce cases under Title 30, by judicial adherence to the common law, if not by judicial rule. *Hudson v. Hudson,* supra; *Williams v. Williams,* 114 Ga. 772 (40 SE 782) (1901). It is clear, however, that the court requires a *specific* finding by the jury that the divorce was caused by the wife's adultery before barring her

---

[5] Code Ann. § 53-508 provides that the "husband shall be bound for necessaries furnished to the wife when separated from him, . . . . If the wife shall be living in adultery with another man, the husband shall not be liable . . . If she shall voluntarily abandon him without sufficient provocation, notice by the husband shall relieve him of all liability for necessaries furnished to her."

[6] Justice Lumpkin held in *Davis v. Davis,* 134 Ga. 804, 810 (68 SE 594) (1910) (later overruled on other grounds) that this section was not applicable to divorce cases.

alimony claim. Where other grounds are alleged by the husband, this court has construed the verdict of divorce in his favor as an award of divorce on one of the other grounds, and has allowed alimony for the wife. Compare *Hudson v. Hudson,* supra; *Williams v. Williams,* supra, with *Phillips v. Phillips,* supra; *Corr v. Corr,* supra; *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862) (1952); *Carawan v. Carawan,* supra. Thus, since there can be no specific finding that the wife's adultery caused the divorce under the irretrievably broken ground because the divorce is awarded to both parties without fault, her right to alimony would not be barred and any evidence of adultery would be irrelevant.

We also believe that this result is consistent with the legislative intent in adding the "no fault" ground of divorce to Code Ann. § 30-102 (Ga. L. 1973, p. 557; Code Ann. § 30-102 (13)) which manifests a public policy of avoiding recriminations between married persons seeking a divorce. Where these parties obtain a divorce on this ground, it follows that these same recriminations should not then be admitted on the issue of alimony. This result also comports with our decisions in *Marshall v. Marshall,* supra, and *Loftis v. Loftis,* supra, where we affirmed the grant of judgments on the pleadings when only one party had alleged the irretrievably broken ground and the other had claimed a fault ground.[7]

We are not unmindful of our words in *Loftis v. Loftis,* supra at p. 639, where we said in dicta: "This does not mean that, in the trial of other issues [except divorce] between the parties reserved for decision [from a judgment of divorce on the pleadings], either party is prevented from submitting *relevant evidence* to show, as he or she contends, the real cause of the separation and divorce. The fact finder, whether it be judge or jury, may consider such evidence in rendering a decision on the other issues between the parties." (Emphasis supplied.) We hold today that the misconduct of either party is not

---

[7] The Uniform Marriage and Divorce Act, § 308, provides that maintenance be awarded "without regard to marital misconduct."

*relevant evidence* on the question of the amount of alimony where a divorce is obtained by the parties on the no fault ground. Furthermore, this ruling is in accord with our holding in *Mack v. Mack,* supra, at p. 694, that "[w]here the husband is guilty of adultery, adultery by the wife does not preclude the distribution to her of a share of the property owned by the parties to the marriage in settlement of the equities concerning such property."[8] We thus add that where a divorce is granted on the irretrievably broken ground, the parties' misconduct is also irrelevant to the division of property between them.[9]

The trial court erred in ruling that evidence tending to bar the wife's alimony would be relevant and admissible at trial. The only issue to be resolved by the jury is the *amount* of alimony considering only the need of the wife and the ability of the husband to support her.[10] *Mack v. Mack,* supra; *Fried v. Fried,* 211 Ga. 149, supra; *Robertson v. Robertson,* 207 Ga. 686 (63 SE2d 876) (1951).

---

[8] A different result may obtain on the issue of child custody which is not presented in this case. "The wife will have an opportunity at that hearing to prove that she is the 'party not in default' in the divorce proceeding with a prima facie right to the custody of the minor children under Code Ann. § 30-127." *Marshall v. Marshall,* supra, at 394. This question is addressed to the court. Code Ann. § 30-127.

[9] The Uniform Marriage and Divorce Act, § 307 (alt. A) contains the provision that "the court, *without regard to marital misconduct,* shall . . . finally equitably apportion between the parties the property and assets. . ."

[10] "In determining what amount may be necessary for the support and maintenance of the wife, the jury may take into consideration the wife's age, the condition of her health, her former position in the community as the wife of the defendant and her manner of living, her material resources, and her income, if any. On the husband's ability to pay, the jury may take into consideration his age, the condition of his health, his material resources, his present income, and any previous allowance voluntarily made by the husband for the support of the wife. Code §§

*Judgment affirmed in Case No. 31336; reversed in Case No. 31481. All the Justices concur, except Jordan, Ingram and Hill, JJ., who dissent.*

31336, ARGUED JULY 13, 1976; 31481, SUBMITTED AUGUST 27, 1976 — DECIDED OCTOBER 20, 1976 — REHEARING DENIED NOVEMBER 23, 1976 IN CASE NO. 31481.

*Findley & Callaway, James E. Findley,* for appellant.

*M. Francis Stubbs,* for appellee.

*Randall Evans, Jr., Samuel F. Maguire, W. M. Fulcher, Max Rubenstein,* amicus curiae.

INGRAM, Justice, dissenting.

Husbands beware and take heed. Under the majority decision there is now no way a loving, faithful and blameless husband can avoid paying alimony to an adulterous wife whose misconduct caused the death of the marriage. "The only issue to be resolved . . . is the *amount* of alimony considering only the need of the wife and the ability of the husband to support her." This solemn pronouncement by the court is not likely to encourage wives to behave themselves and remain loyal to their marriage vows. Indeed, it seems obvious to me that this holding will further weaken the bonds of the marriage contract in Georgia.

A female now knows that if she is looking for easy lifetime support with no concomitant responsibility she can come to Georgia, find herself an ambitious, industrious and eligible male resident who will be

---

30-207, 30-209, 30-211; *Odom v. Odom,* 36 Ga. 286, 319; *Halleman v. Halleman,* 65 Ga. 476; *Johnson v. Johnson,* 131 Ga. 606 (62 SE 1044); *Simons v. Simons,* 152 Ga. 469 (110 SE 281); *Simmons v. Simmons,* 194 Ga. 649 (22 SE2d 399); *Aud v. Aud,* 199 Ga. 526 (34 SE2d 655); *Boozer v. Boozer,* 207 Ga. 52 (60 SE2d 150); *Knight v. Knight,* 209 Ga. 131 (70 SE2d 770)." *Fried v. Fried,* 211 Ga. 149, 151, supra.

obligated by law to support her during and after their marriage regardless of her conduct and treatment of him. She knows that every divorce can be turned into a no-fault divorce with the mere assertion that the marriage is irretrievably broken. She also knows that alimony cannot, at present, be granted to her husband. And now she knows that she can obtain alimony from her husband even if she breaks up the marriage. Thus, alimony may now be awarded in every case where the wife seeks it. The marriage contract has become a unilateral contract whereby the wife is insulated by law from bearing any responsibility for her breach of the contract. She can do no wrong to the husband that will prevent her from recovering alimony. Thus a wife who breaches the marriage contract can actually benefit by her own breach of the contract as a matter of law.

This is a radical departure from the long standing case law in our state. Indeed, it is a departure from what a majority of this court said only seven months ago in *Loftis v. Loftis,* 236 Ga. 637, 639 (225 SE2d 685) (1976): "This does not mean that, in the trial of other issues between the parties reserved for decision, either party is prevented from submitting relevant evidence to show, as he or she contends, the real cause of the separation and divorce. The fact finder, whether it be judge or jury, may consider such evidence in rendering a decision on the other issues between the parties." I submit that it is both unfair and unwise decisional law to permit an adulterous wife (or a wife who deserts her husband) to control their resulting divorce litigation by turning it into a so-called "no-fault" divorce and thereby prevent the husband from showing "the real cause of the separation." Unless the trial judge or jury can hear evidence of the wife's adultery or desertion as a defense to her alimony claim, the scales of justice are heavily tipped in her favor. I still cling fervently to the principle that the object of all legal investigations is the discovery of the truth but the majority decision turns this ideal into a shattered illusion. The truth about the real cause of the separation will now be legally concealed behind this paper curtain of judicial legislation.

In conclusion, I view the holding in this case as a further rupture in the once revered public policy of our

state to encourage marriage and to discourage its dissolution. I also think this decision is bad domestic relations law and bad contract law. For these reasons, I dissent and Justice Jordan also joins me in this dissent.[11]

---

[11] Fortunately, the alimony-paying ex-husband will be receiving some relief from another direction. The new Federal Income Tax Reform Act apparently allows a deduction for alimony in determining adjusted gross income for tax years beginning after December 31, 1976. Thus, under the Act the deduction of alimony payments is changed to a deduction from gross income instead of an itemized deduction. This should mean that a person paying alimony can get an alimony deduction even if he uses the standard deduction.