appellees.

### 31584. PEARLMAN v. PEARLMAN.

NICHOLS, Chief Justice.

The appeal in this case arises as a result of a divorce and alimony action which originated in Lowndes Superior Court. The wife sued her husband for divorce upon the single ground that the marriage was irretrievably broken. The husband answered that he did not know whether the marriage was irretrievably broken but alleged that if it was, it was the result of cruel treatment by the wife.

The trial court directed a verdict granting the divorce and presented the question of alimony to the jury.

1. Under decisions exemplified by *McCoy v. McCoy,* 236 Ga. 633 (225 SE2d 682) (1976) and *Manning v. Manning,* 237 Ga. 746 (229 SE2d 611) (1976), the direction of a verdict after the introduction of evidence upon the facts presented in this case was not error.

2. Appellant contends that the trial court instructed the jury that it could consider the causes of the separation and the conduct of the parties in arriving at the amount of alimony. No exception was made to the charge at trial. Under decisions exemplified by *Sullens v. Sullens,* 236 Ga. 645, 646 (224 SE2d 921) (1976), a party in a civil case cannot complain of the giving or the failure to give instructions to the jury, unless he objects thereto before the jury returns its verdict; or the charge or failure to charge is blatantly apparent and prejudicial and resulted in a gross miscarriage of justice.

The actual language of the trial court was as follows: "Now I further charge you that you may consider the circumstances of the parties, their manner, condition and style of living, the financial condition of each party, the separate estate of each party, if any, the earning capacity of each party, if any, the circumstances and causes which led to the separation, the conduct of the parties as disclosed by the evidence, and any other fact or circumstances disclosed by the evidence which will enable

you to reach the truth of the case and arrive at a correct verdict."

Immediately after giving this instruction, the trial court charged the jury as follows: "Now I charge you that if you decide that the wife is entitled to an award of alimony, then in determining the amount of such alimony' to be awarded to the wife, you will not consider the alleged conduct or misconduct, if any, of either of the parties."

In support of the contention that the charge given falls within the exception to the rule which requires an objection prior to the return of the jury's verdict, the appellant relies upon the decisions of this court in *McCurry v. McCurry,* 223 Ga. 334, 335 (155 SE2d 378) (1967) and *DuPree v. DuPree,* 224 Ga. 52 (159 SE2d 708) (1968). In both of these cases the jury was instructed that in arriving at the amount of alimony, consideration should be given to the circumstances and causes which led to the separation. The charge in the case sub judice authorized such consideration in determining if alimony to the wife would be granted but did not permit such consideration in determining the amount of alimony. Accordingly, except for the recent decision of this court in *Anderson v. Anderson,* 237 Ga. 886 (230 SE2d 272) (1976), the charge given was not error.

Under the decision in *Anderson,* supra, this charge was error. However, such error was harmless inasmuch as the wife was granted alimony. In order to constitute reversible error, both error and harm must be shown. Compare *Hardeman v. Ellis,* 162 Ga. 664 (20) (135 SE 195) (1926); *Martin v. Hendon,* 224 Ga. 221 (3) (160 SE2d 893) (1968). No harm was shown by the charge; therefore, no reversible error appears.

3. The sole remaining issue presented is whether the amount of alimony awarded was so grossly inadequate as to constitute error.

Without detailing all the evidence presented in this case, the husband is admittedly a multimillionaire, and the award of alimony in the amount of $500 per month for the wife and $500 per month child support accordingly appears low. However, the evidence showed that prior to the divorce the wife had paid all the household expenses for a family of five from a monthly allowance of $1,240,

whereas her current requirements were only for herself and one 16-year-old child. Also, in addition to the monthly award of alimony, she was given a lump sum of $25,000, had accumulated approximately $78,000 in cash from her husband, plus substantial jewelry, furniture and furnishings, and owned a one-half interest in a Florida condominium, the value of which was not shown.

It cannot be said that where the separate estate, together with the lump sum payment and the monthly payments required by the alimony verdict, would provide the former wife with an income larger than that provided during the marriage by the husband, such award is so grossly inadequate as to require a new trial as to the issue of alimony. See *Brown v. Brown,* 230 Ga. 566 (198 SE2d 182) (1973) and cits.

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ.. who concur in the judgment only.*

ARGUED OCTOBER 12, 1976 — DECIDED JANUARY 28, 1977.

*Blackburn & Bright, J. Converse Bright,* for appellant.

*Tillman, Brice, McTier, Coleman & Talley, John T. McTier,* for appellee.