## LEONARD v. THE STATE.

1. The evidence introduced on behalf of the State to establish the homicide showing a case of murder, and not indicating circumstances of justification or mitigation, there was no error in charging that, "when the killing is proved to the satisfaction of the jury, malice is presumed, in case of a homicide," the general charge also including the doctrines of presumption of innocence and reasonable doubt, and instructing the jury as to the law applicable to the only grade of manslaughter which could be considered by them.

2. After defining murder and malice, express and implied, in the language of the Penal Code, it furnished no ground for reversal that the court added, "It [meaning malice] is an unlawful intention to kill, without justification or mitigation."

3. It is not advisable for a judge, in defining malice, to charge that "malice lives in the gleam of the blade and in the flash of the pistol." Language of this character, without proper explanation, might be misunderstood by the jury.

(a) Under the facts of this case and in view of the context of the charge quoted, it does not require a reversal.

4. The evidence for the State making a case of murder, by intentionally pointing a pistol at and shooting another, and that for the defendant tending to show an accidental killing, and there being nothing to require a charge as to the law of voluntary manslaughter or involuntary manslaughter in the performance of a lawful act without due caution and circumspection, it was not error, in charging in regard to manslaughter, to instruct the jury only on the law of involuntary manslaughter in the performance of an unlawful act, the court having also charged on the subject of accidental killing which would require a verdict of not guilty.

5. Intentionally to point a pistol at another, in fun or otherwise, save in the instances excepted by the statute, is unlawful; and if, while performing such unlawful act, the pistol is accidentally discharged, the person so acting, if not guilty of murder, would be guilty of involuntary manslaughter.

6. The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.

Argued October 19,—Decided November 17, 1909.

Indictment for murder.    Before Judge Park.    Worth superior court.    August 28, 1909.

T. R. Perry and J. H. Tipton, for plaintiff in error.

J. C. Hart, attorney-general, and W. E. Wooten, solicitor-general, by Reuben R. Arnold, contra.

LUMPKIN, J.    George Leonard was indicted for the murder of Jessie Wilkerson.    On the trial, the evidence for the State tended to show that the accused drew a pistol, pointed it at the deceased,

said he was going to shoot her, and fired, causing a wound from which she died; and that he had previously made threats against her life. The evidence on behalf of the defendant tended to show that the shooting was entirely accidental; that the accused had a pistol, with which he and the deceased were playing, or, in the language of some of the witnesses, "projicking;" and that the deceased took hold of the barrel of the pistol, when it was accidentally fired, causing her death. The accused, in his statement, asserted that the deceased wanted his pistol to carry with her to another town next day, but he was unwilling to let her have it; that he went to where it was, got it and put it in his pocket; that she ran up and grabbed it, and he placed his hand on his pocket; and that as she took hold of the pistol, it caught in his pocket and was fired accidentally. The jury found the defendant guilty of murder, and recommended that he be imprisoned for life. He moved for a new trial, which was refused, and he excepted.

1, 2. The charge of the court is not in all respects satisfactory. The evidence adduced by the State to establish the homicide tended to show a malicious killing, without alleviation, excuse, or justification. Under the ruling in *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), it was not error in such a case to charge that "When the killing is proved to the satisfaction of the jury, malice is presumed, in a case of homicide." While this is true, the presiding judge made a very meagre reference to matters of mitigation or justification, which might appear from the evidence and serve to rebut any presumption of malice, saying that legal malice is not ill will or hatred, but "is an unlawful intention to kill, without justification or mitigation, which intention, however, must exist at the time of the killing alleged." In the *Mann* case the charge under consideration was as follows: "When the killing is proved to be the act of the defendant, the presumption of innocence with which he enters upon the trial is removed from him, and the burden is then upon him to justify or mitigate the homicide; but, as before charged, the evidence to do this may be found in the evidence offered by the State to prove the killing, as well as by the evidence offered by the defendant." In the present case the judge charged the jury as to the presumption of law in favor of innocence, and the necessity of proving guilt beyond a reasonable doubt in order to authorize a conviction. He also in-

structed them as to the law of manslaughter, so far as it was involved, and charged them as to the theory of accidental killing, as sought to be shown by the evidence produced by the accused, and as asserted in his statement.

3. Again, the court charged as follows: "In the language of Chief Justice Bleckley, 'malice lives in the gleam of the blade, and in the flash of the pistol,'" Neither the court nor counsel have cited the opinion in which this graphic expression was used. If correctly quoted, it was, no doubt, employed in discussing the facts of a case before the court, and was apt and appropriate for the purpose for which it was used; but we have frequently held that the language employed by a judge of a reviewing court in discussing a case, or in giving reasons for a decision, is not always appropriate for use by a trial judge in charging a jury. It is evident that in an opinion reasons, arguments, and illustrations are often valuable for the purpose of demonstrating the correctness of a legal conclusion reached, or of a judgment rendered; while the charge of a trial judge should not be argumentative or seek to demonstrate the correctness of the positions announced by him, but should instruct the jury as clearly and plainly as practicable in regard to the law applicable to the case before them. Metaphor, epigram, and unique felicities of expression are not usually desirable in a charge. Plainness, clearness, and a proper statement of the law relevant to the issues in the case in hand are rather to be sought. The trained legal mind readily understands that the expression under consideration was merely illustrative of the fact that if malice existed, it was not necessary that it should have continued for any extended time, for the killing to constitute murder, but that its existence for even so short a time as that required to deal a blow or to fire a shot would suffice. But if the terse expression quoted were given in charge alone, it would be possible for it to be misconstrued by the jury as indicating that there was something inherent in the gleam of a blade or the flash of a pistol in which malice lived or existed, rather than that those things were merely illustrative of the short time during which it was necessary for it to exist. This has already been indicated in *Mills* v. *State,* 133 *Ga.* 368 (65 S. E. 368). In the case before us, however, the context of the excerpt of the charge to which exception was taken rendered it improbable that the jury could have mis-

understood its meaning.    After referring to legal malice as an unlawful intention to kill, without justification or mitigation, but which intention must exist at the time of the killing, the judge added, "But it is not necessary for that intention to exist for any length of time before the killing.    In legal contemplation, a man may form the intention to kill, do the killing instantly, and regret the deed as soon as it is done.    In the language of Chief Justice Bleckley: 'Malice lives in the gleam of the blade and in the flash of the pistol; it has not to exist in [for] any greater length of time than that.'"

4-6.    The charge of the court in regard to pointing a pistol at another "in fun or otherwise" omitted the word "intentionally," employed in the Penal Code, §343.    But, considering the evidence for the State, which  established a deliberate pointing and firing of the pistol at the deceased, and which was evidently accepted by the jury, and the contention of the accused that the shot accidentally resulted from the taking hold of the pistol by the deceased, and in the light of the entire charge, we do not think that this omission could have misled the jury, or should require a new trial.

None of the other grounds of the motion for a new trial require special consideration; nor do any of them require a new trial.    The evidence was sufficient to support the verdict.

*Judgment affirmed.    All the Justices concur.*