## WHITFIELD *v.* THE STATE.

ATKINSON, J. 1. The statement of the accused did not present the theory of involuntary manslaughter in the commission of a lawful act without due caution and circumspection; and a discussion of whether, if it had done so, the charge of the court on the theory of accident (which was involved) would have been erroneous without going further and also charging as to the first-stated theory would be academic as applied to this case. *Leonard* v. *State*, 133 *Ga.* 435 (66 S. E. 251).

2. None of the other grounds of the motion for a new trial require a reversal.          *Judgment affirmed. All the Justices concur, except*

HOLDEN, J., dissenting. 1. The defendant in his statement said he had a pistol in a case in his pocket, and that the deceased "grabbed the pistol, and when she grabbed it I grabbed hold of it, too this way. I grabbed the pistol, and time I whirled to throw her off from me I whirled it around in her back this way as I throwed her off and it fired right off. It fired off right along here somewhere." He gave no other explanation of the cause of the discharge of the pistol. The statement of the defendant authorized a charge upon the subject of involuntary manslaughter in the commission of a lawful act without due caution and circumspection. *Nathan* v. *State*, 131 *Ga.* 48 (61 S. E. 994).

2. The evidence did not authorize a charge upon the theory that the killing was an accident for which the defendant was not liable to punishment, nor upon the subject of involuntary manslaughter; but the statement of the defendant authorized a charge upon both, and the same language in the statement authorizing the charge upon one authorized the

charge upon the other. It is not error requiring a new trial for the court to omit to charge upon any theory raised solely by the defendant's statement, in the absence of a proper request to so charge; but where the court undertakes to charge upon a theory arising from the statement of the defendant, he should fully and correctly charge thereon. It was, accordingly, error requiring a new trial for the court to fail to charge upon the subject of involuntary manslaughter, after charging upon the theory of accident or misfortune, and instructing the jury if they should find "that the killing occurred at the hands of the defendant, and that there was an evil design on his part at the time, or there was an intention on his part at the time, or if you find that there was culpable neglect on his part at the time, it would not be an accident and you would not be authorized to so find." This charge, with an omission to charge on the subject of involuntary manslaughter, probably lead the jury to believe that if the statement of the defendant was true he should be convicted of murder or acquitted, accordingly as they believed he was or was not guilty of culpable neglect; not having any right under any other instructions given them by the court to find him guilty of the lesser offense of involuntary manslaughter. *Ragland v. State,* 111 *Ga.* 211 (36 S. E. 682); *Reeves* v. *State,* 114 *Ga.* 86 (39 S. E. 918); *Richards* v. *State,* 114 *Ga.* 834 (40 S. E. 1001).

OCTOBER 13, 1910.

Indictment for murder. Before Judge Rawlings. Washington superior court. May 30, 1910.

*A. R. Wright,* for plaintiff in error. *H. A. Hall, attorney-general, Alfred Herrington, solicitor-general,* and *Hines & Jordan,* contra.