23982. McNALLY v. McNALLY.

ARGUED MARCH 13, 1967—DECIDED MARCH 23, 1967.

*Franklin, Barham, Coleman, Elliott & Blackburn, Ed G. Barham,* for appellant.

*Burch & Boswell, John S. Boswell, Sr.,* for appellee.

MOBLEY, Justice. This is a case involving a divorce, custody and alimony award for the wife and support for four minor children.

The appeal is from the judgment awarding custody of the children to the mother and alimony of $50 per month for the wife and $87.50 per month for each of the children. Appellant enumerates as error the overruling of his motion for new trial, which alleged that the verdict of the jury fixing alimony is without evidence to support it and contrary to law; that the court erroneously charged plaintiff's contention when there was

no evidence in the record to support it, and erred in placing custody of the children in the mother.

■ There was no abuse of discretion in granting custody of the children to the mother. They are young children from 6 to 11 years of age. The court was authorized from the evidence to find that the mother was a fit person to have custody. The father is an Air Force officer and there was evidence of his excessive drinking of alcoholic beverages. The court could have found either parent fit, but was authorized to find that young children of tender years could and would be better cared for by a mother than by a father, who would have to employ an outsider to look after and care for the children while he was away at work and other places.

■ As to whether the evidence supported the award of alimony and support of the children, appellant's principal contention is that the evidence did not spell out in dollars and cents just how much would be required for the support of each child, arguing for instance that a three year old child could not possibly require $100 per month for support. The youngest child is about 6 years of age. We must consider the evidence and all the facts and circumstances, as did the jury, in determining whether the amount of alimony is excessive. The judgment awarded the wife $1,250 cash; a 1961 Buick Electra automobile, the household and kitchen furniture in their home in Valdosta, and $50 per month for life or until her remarriage, and the sum of $87.50 per month for each child terminating upon marriage, death, becoming self-supporting, or reaching age 21, whichever come first.

The necessities of the wife and children and the husband's ability to pay are the controlling factors. *Robertson v. Robertson,* 207 Ga. 686 (1) (63 SE2d 876) ; *Jeffrey v. Jeffrey,* 206 Ga. 41, 42 (1) (55 SE2d 566).

The ability of the husband to make these payments is without question. As an Air Force officer his total pay was approximately $1,000 per month in addition to a number of fringe benefits. He owned a $12,000 home clear of encumbrances. He owns another house in Duluth, Minnesota, which he values at $15,000 and from which he receives $150 per month rent. He

owes an undisclosed amount on it on which he pays $130 per month. He lists assets at $31,380 and his liabilities at $18,975 having a net worth of $12,400.

The husband, wife and four children were living in the $12,000 home, a picture of which shows it to be a very nice home, driving a Buick Electra, living on a $12,000 salary plus other Air Force benefits. The wife was allowed $67 per week to buy groceries and the husband paid the other bills, the monthly amount not shown.

It would be unreasonable to conclude that $400 ($350 for children and $50 for the wife) per month would be more than required to support this mother and four children under any circumstances much less securing to them "the same social standing, comforts and luxuries of life as they had been enjoying and would have probably continued to enjoy had there been no separation," with which the jury would be authorized to provide them. *Walton v. Walton,* 219 Ga. 729, 732 (135 SE2d 886), and cases cited.

There was sufficient evidence to support an award of $400. The wife had been spending $275 per month for groceries from the commissary for the family of six, about $45 each, or $225 for herself and four children. This would leave $175 to pay for an apartment or house, clothes, transportation, medical bills and other incidentals. The jury in determining the amount of alimony and support to which the wife and children are entitled may "use their experience as enlightened men in judging what amount would be necessary for the support of the wife [and children] under the evidence as disclosed by the record and all the facts and circumstances of the case." *Hilburn v. Hilburn,* 163 Ga. 23 (3) (135 SE 427). The evidence was ample to support the jury's award without further detailed evidence of how much would be required for each child and the mother.

■ The complaint as to the charge is that while correct it was not authorized because there was no evidence as to (1) "Their [wife's and children's] manner, condition, and style of living"; (2) "financial condition" of plaintiff; (3) separate estate of plaintiff and; (4) the amount of plaintiff's needs.

As set out in Division 2 there was evidence showing the man-

ner, condition, and style of living of this family. As to her financial condition there was evidence that she had no money, and had to pawn her wedding ring to buy necessities for herself and children to live on between the the separation and award of temporary alimony and there was no evidence that she owned any property. There was no evidence that plaintiff had any separate estate, so a charge to consider her separate estate would not be harmful to defendant, but, if harmful, would be so as to plaintiff. There was evidence as to the needs of plaintiff and her children.

The charge was not error.

*Judgment affirmed. All the Justices concur.*