### 28158. MOORE v. THE STATE.

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 5, 1973.

*Drew & Jones, John M. Jones,* for appellant.

*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers,* for appellee.

GRICE, Presiding Justice. We deal here with attacks made upon the constitutionality of Georgia Laws 1968, pp. 1249, 1301 (Code Ann. § 26-2012), which provides that "A person commits prostitution when he performs or offers or consents to perform an act of sexual intercourse for money."

This challenge arose from a motion to quash by Melba Moore to an accusation in the Criminal Court of Fulton County charging that she in that county on a specified date "did offer to perform an act of sexual intercourse with" three named persons "for the sum of $20.00 per person, contrary to the laws of said state, the peace, good order and dignity thereof."

The motion to quash was based essentially upon the following grounds: (1) that the foregoing statute "is unconstitutional in that it makes an agreement or an offer or consent to commit the offense itself"; (2) that the statute "is unconstitutional in its application

in that only females are prosecuted for the offense in violation of the Fourteenth Amendment to the Constitution of the United States and the right of the defendant to due process and the equal protection of the laws"; and (3) that the statute "is unconstitutional for vagueness in that under its provisions only the party accepting money is guilty of the offense."

The order overruling the motion to quash was certified for immediate appellate review.

None of the grounds of this motion is meritorious.

1. As to the first ground we agree that by virtue of the 1968 statute (Ga. L. 1968, pp. 1249, 1301) a person may be convicted of this offense not only if he actually committed the act of prostitution but also if he was a party to an *agreement* to do so. Significantly, the statute says "when he performs *or* offers *or* consents to perform. . ." (Emphasis supplied.)

Thus the statute does make it unlawful to enter into an *agreement* to do an illegal act with the intention of committing it. There is no constitutional prohibition against this feature. The law prohibits many agreements, e. g., conspiracy and combinations in restraint of trade. See generally, 16 AmJur2d 131, Conspiracy, § 7; 15A CJS 726, Conspiracy, § 36; 54 AmJur2d 685, Monopolies, § 30 et seq.; 58 CJS 971, Monopolies, § 16.

Furthermore, the Act may be upheld as one to punish for an *attempt* to commit the crime of prostitution. Ga. L. 1968, pp. 1249, 1274 (Code Ann. § 26-1001).

2. The ground of the motion that only females are prosecuted for prostitution and therefore the statute is being applied in violation of the constitutional mandates is not valid. There was no factual showing here as to this contention and a movant cannot prevail on mere allegation.

3. Nor is the statute itself void for vagueness. What is held in Division 1 above applies here. See also *Hill v. State*, 225 Ga. 117 (166 SE2d 338). The statute does not provide that a person has to *accept* money in order to commit the offense, but that the proposed act of sexual intercourse be for a consideration of money.

*Judgment affirmed. All the Justices concur.*