## 51052. GRANT v. THE STATE.

Pannell, Presiding Judge.

Appellant was convicted of prostitution. She appeals the judgment of conviction and the overruling of her motion for new trial.

1. The trial judge charged the jury as follows:

". . . under the laws of Georgia, a person commits prostitution when he or she promises or offers or consents to perform an act of sexual intercourse for money. I charge you further, lady and gentlemen of the jury, that under the laws of the State of Georgia, that *the crime is completed when a person offers or consents to perform an act of sexual intercourse with another person.* It is not required in this State to prove that any money was paid to the accused person or that the accused person performed any acts of sexual intercourse." (Emphasis supplied.) Appellant contends that italicized portion of the above charge confused the jury and authorized them to convict defendant if they found appellant only consented to sexual intercourse.

The charge of the jury must be taken as a whole and each part thereof considered in connection with every other part of the charge. See, *Marchman v. State,* 129 Ga. App. 22 (3) (198 SE2d 425); *Hightower v. State,* 135 Ga. App. 275, 277 (217 SE2d 636). Read in context with the sentence immediately preceding the part of which appellant complains, it is clear that the jury knew the crime was complete when one offers or consents to perform the act *for a consideration of money.* The latter part of the quoted portion of the charge correctly charged that the state need not prove any money was actually paid or any acts of intercourse were actually performed. See, *Moore v. State,* 231 Ga. 218 (201 SE2d 146).

2. The trial court allowed the accusation, containing an affidavit of the arresting officer, to go with the jury to the jury room. The affidavit stated that appellant did offer and consent to perform an act of sexual intercourse with S. M. Guy (the arresting officer) for the sum of $65. Appellant urges error in this affidavit's going to the jury room in that it placed undue emphasis on the testimony of the arresting officer. See *Cain v. State,* 113 Ga. App. 477 (5) (148 SE2d 508).

The affidavit was made a part of the accusation, and both were contained on the same side of a single document. Both contained identical language respecting the alleged offense. The judge allowed the accusation to go out with the jury with the following charge: "Now, I charge you, lady and gentlemen of the jury, that this

accusation against this defendant is not evidence of guilt and carries with it no presumption of guilt. The filing of an accusation of itself is no evidence whatsoever of the commission of a crime. It is merely the contentions of the State setting forth the elements of the offense with which the defendant is charged. *No writing or entry on this accusation may be considered by you as evidence in this case.* It will be out with you and you may refer to it only to determine what the issues are between the State and the defendant." (Emphasis supplied.) Assuming it was error to allow the accusation to go to the jury room without blocking out the affidavit contained therein, it was harmless. The charge made it clear that neither the accusation nor anything written or entered on the accusation, was to be considered as evidence in the case. Further, all facts set forth in the affidavit were also stated in the accusation, which was sworn to by S. M. Guy, the arresting officer. The accusation was a pleading in the case and properly went to the jury room. See *Cain v. State,* supra.

3. The verdict of guilty was not contrary to the evidence.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 3, 1975 — DECIDED OCTOBER 7, 1975 — REHEARING DENIED OCTOBER 27, 1975 — ▮▮▮▮▮▮

*Parker, Groover, Pye & Poss, Lewis M. Groover, Jr.,* for appellant.

*Hinson McAuliffe, Solicitor, Frank A. Bowers, Assistant Solicitor,* for appellee.