## 32542. KITCHENS v. KITCHENS.

JORDAN, Justice.

Joseph Kitchens appeals from the judgment and decree granting a divorce and awarding alimony to Mildred T. Kitchens.

Error is enumerated on (1) the grant of the wife's motion for judgment on the pleadings on the issue of divorce; and (2) the refusal to allow counsel for the husband to inquire into whether the wife had abandoned the husband and thereby forfeited her right to alimony.

1. The wife's complaint alleged cruel treatment and that the marriage was irretrievably broken. The husband's answer denied that the wife had grounds for divorce, and prayed that the divorce be denied. The wife filed a motion for judgment on the pleadings on the ground that the marriage was irretrievably broken. No affidavits were filed. The trial judge granted the wife's motion for judgment on the pleadings.

In *Dickson v. Dickson,* 238 Ga. 672, 673 (4) (235 SE2d 479) (1977), decided after the judgment in the present case was entered, this court reviewed the grant of judgments on the pleadings and summary judgments in divorce actions on the ground that the marriage is irretrievably broken, and established guidelines for dealing with these motions. As to judgments on the pleadings it was held: "In a no fault divorce, the assignment of blame is irrelevant; the issue is a search for the realities of the marital situation, i. e., whether the marriage has ended in fact. If this fact is undisputed by the pleadings, a judgment may issue upon the pleadings."

The husband in his pleadings disputed the grounds of divorce alleged by the wife, and it was error to grant a judgment on the pleadings decreeing a divorce.

2. The issue of alimony was tried by a jury. On objection of the wife's counsel, the husband was not permitted to question the wife as to the cause of the separation. This ruling of the trial judge was based on the previous grant of a divorce on the ground that the marriage was irretrievably broken, and the ruling of this court in *Anderson v. Anderson,* 237 Ga. 886 (230 SE2d 272) (1976).

The reversal of the judgment decreeing a divorce requires a new trial on the issue of alimony also under the circumstances of this case. At such new trial the scope of the evidence will be governed by the 1977 amendment to Code § 30-201 (Ga. L. 1977, pp. 1253, 1256).

*Judgment reversed. All the Justices concur.*

ARGUED JULY 13, 1977 — DECIDED
SEPTEMBER 8, 1977.

*Groover & Childs, Frank H. Childs, Jr.,* for appellant.

*Shepard & Berenthien, Virgil H. Shepard,* for appellee.