## 34144. BRYAN v. BRYAN.

HALL, Justice.

This appeal questions the interpretation and application of Code § 30-201, which is Georgia's 1977 alimony statute allowing the factfinder to consider on the question of alimony the factual cause of the separation of the parties and evidence of the husband's conduct toward the wife. We rule that the new statute may be applied to pre-1977 acts of the parties.

Mr. and Mrs. Bryan were granted a "no-fault" divorce (see Code Ann. § 30-102 (13)) following their December, 1976 separation. This alimony suit came on for trial in December, 1977. During the trial, the court refused to allow Mrs. Bryan to present to the jury testimony of four witnesses relating to the adultery of Mr. Bryan during the marriage and thereafter. It was Mrs. Bryan's position that Code Ann. § 30-201, effective July 1, 1977, rendered such evidence relevant and admissible. Mr. Bryan objected that the statute accomplished a

substantive change in the law and could not be applied retroactively to allow in evidence adulterous acts committed prior to its effective date. The trial court ruled with Mr. Bryan; the evidence in question was not presented to the jury; and Mrs. Bryan was awarded certain property and a $4,000 lump sum alimony amount. Following the overruling of her new trial motion, she brings this appeal.

1. Code Ann. § 30-201 reads in pertinent part as follows: ". . . The wife shall not be entitled to alimony if it is established by a preponderance of the evidence that the separation between the parties was caused by the wife's adultery or desertion. In all cases in which alimony is sought by the wife, the court shall receive evidence of the factual cause of the separation even though one or both of the parties may also seek a divorce, regardless of the grounds upon which a divorce is sought or granted by the court. In all other cases in which alimony is sought by the wife, alimony is authorized, but not required, to be awarded to the wife in accordance with her needs and the husband's ability to pay. In determining whether or not to grant alimony to the wife, the court shall also consider evidence of the husband's conduct toward the wife."

We have not previously construed this statute. Prior to its enactment, and prior to no-fault divorce, adultery might bar the wife's alimony entirely. But marital misconduct was not relevant to the issue of the amount of alimony. See *Anderson v. Anderson,* 237 Ga. 886, 890 (230 SE2d 272)(1976); *McCurry v. McCurry,* 223 Ga. 334 (155 SE2d 378) (1963). *Anderson* further held that in a no-fault divorce, evidence of either party's adultery was irrelevant on all alimony issues. 237 Ga. 892. It was apparently the purpose of the 1977 revision of Code § 30-201 to change the previous case law by statute. The factual cause of the parties' separation was made relevant to both the issues of entitlement and amount of alimony, regardless of the grounds on which the divorce is granted. Similarly, the husband's conduct toward the wife could be considered on the decision whether to grant alimony or not. As we read the statute, the considerations are in order as follows: 1 — is wife barred entirely by adultery or desertion? 2 — if,

not, the decision whether[1] to grant her alimony should be made considering the factual cause of the separation and considering husband's conduct toward her; and, finally 3 — the amount of alimony should be set considering the factual cause of the separation, the wife's need and the husband's ability to pay.

It follows that evidence offered by Mrs. Bryan concerning his conduct toward her and the factual cause of the separation was admissible where noted above, despite the fact that such evidence would include his adulterous misconduct. This raises the question of the admissibility of such conduct occurring prior to the effective date of the statute.

2. Mr. Bryan argues that admission of evidence of his misconduct prior to July 1, 1977 would constitute retroactive application of Code § 30-201 to accomplish a substantive change in the law, and that this result is forbidden by Code Ann. §§ 2-107 and 102-104. We agree with him that the bare statement in *Kitchens v. Kitchens,* 239 Ga. 643, 644 (228 SE2d 429) (1977) that "[a]t such new trial, the scope of the evidence will be governed by the 1977 amendment to Code § 30-201," does not decide this issue.

Code Ann. §§ 2-107 and 102-104 prohibit the enactment of retroactive civil laws having the effect of abridging vested or substantive rights. A candid translation of Mr. Bryan's argument would seem to be that prior to July 1, 1977 husbands had a vested right to commit adultery without suffering adverse civil consequences therefrom in an alimony suit. However, we find that no such "vested" right or "substantive" right could possibly exist, considering the fact that in Georgia adultery is now, and at all times relevant hereto has been, a crime, namely, a misdemeanor. See Code Ann. § 26-2009.

A second reason for which Code § 30-201 is not a void

---

[1]Even though not barred by adultery or desertion, a wife still may be denied alimony by the factfinder. "There is no invariable requirement that the wife receive alimony in a no-fault divorce case." *Odom v. Odom,* 239 Ga. 830, 831 (239 SE2d 20) (1977).

retrospective law is that it changes only a rule of evidence; a change such as this in rules of evidence is considered remedial; and remedial changes in law may validly operate retroactively. Code § 102-104; *Todd v. State,* 228 Ga. 746 (187 SE2d 831) (1972); *Aycock v. Martin,* 37 Ga. 124, 134 (1867); *St. Paul Fire &c. Ins. Co. v. Postell,* 113 Ga. App. 862, 865 (149 SE2d 864)(1966).

In *Todd v. State,* supra, a criminal defendant challenged as void for retroactivity a change in the law which allowed evidence of his former crimes committed before the effective date of the statute to be introduced at a sentencing hearing after the effective date of the statute. He claimed that the statute deprived him of the substantial right not to have that adverse evidence introduced. This court found that he was not deprived of a substantial right, quoting from Thompson v. Missouri, 171 U. S. 380, 387 (1898): " ' "[W]e cannot perceive any ground upon which to hold a statute to be ex post facto which does nothing more than admit evidence of a particular kind in a criminal case upon an issue of fact which was not admissible under the rules of evidence as enforced . . . at the time the offense was committed." ' " 228 Ga. at 751.

The quotation plainly requires the conclusion that if the law could validly be changed to allow Todd's past crimes to be introduced against him to enhance his punishment for a present crime, Mr. Bryan's alleged past adultery may now be introduced against him, where relevant, even though evidence may enhance a current alimony award.

We conclude that the legislature intended this statute to operate to allow "pre-statute" conduct to be admitted where relevant, and that this intention may validly be carried into effect. Code Ann. § 30-201 may be applied to pre-July 1, 1977 acts of misconduct and is not void for retrospectivity. Cf. Murphy v. Ramsey, 114 U. S. 15, 42 (1885); *Armistead v. Cherokee County School District,* 144 Ga. App. 178 (241 SE2d 19) (1977); *Goolsby v. Regents, University System,* 141 Ga. App. 605 (234 SE2d 165)(1977).

3. Contrary to Mr. Bryan's position here, the record contained adequate evidence that his adultery was

claimed by Mrs. Bryan to be a contributing cause to their separation within the meaning of the statute, and that such continuing conduct on his part prevented the reconciliation she had desired. This evidence was, therefore, not irrelevant.

4. The trial court's failure to apply the 1977 alimony statute was an error which was not rendered harmless merely because the jury gave her alimony in some amount. In seeking a favorable award, she was entitled to present the evidence in question to the jury, and she was erroneously denied that right. She is entitled to a new trial.

5. The last issue concerns the correctness of the trial court's ruling that at trial Mr. Bryan might not be asked by Mrs. Bryan's attorney whether he had committed adultery.

Code § 38-1603 allows a party to be a witness for himself on all relevant issues; but Code § 38-1606 creates an exception for proceedings "instituted in consequence of adultery," with the result that in such proceedings a party is not competent to testify to his own or his spouse's adultery. Our question is whether this lawsuit for alimony following a no-fault divorce should be considered a proceeding "instituted in consequence of adultery" when Mrs. Bryan seeks to prove that Mr. Bryan's adultery was the cause of their separation. The cases indicate "yes." *Lowry v. Lowry,* 170 Ga. 349, 358 (153 SE 11)(1930); *Boone v. Boone,* 225 Ga. 610, 611 (170 SE2d 414)(1969).

The trial court did not err in disallowing this question.

The trial court did err, however, in overruling Mrs. Bryan's new trial motion.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 10, 1978 — DECIDED JANUARY 5, 1979.

*Westmoreland, Hall, McGee, Warner & Oxford, Edward E. Bates, Jr., Harry P. Hall, Jr.,* for appellant.

*Hurt, Richardson, Garner, Todd & Cadenhead, Emily S. Bair, A. Paul Cadenhead,* for appellee.