## 34869. DAVIDSON v. DAVIDSON.

BOWLES, Justice.

Appellant-wife filed a complaint for divorce against her husband-appellee based on adultery and cruel treatment. In addition to divorce, she sought child custody, child support and alimony. The appellee answered and counterclaimed seeking a divorce on the ground that the marriage was irretrievably broken. A consent judgment was entered granting the divorce on the ground that the marriage was irretrievably broken. The court reserved jurisdiction to determine all other issues in the case.

Subsequent thereto, appellee filed with the court a motion to limit the issues for trial. The trial court determined that there was no issue as to custody and that appellant was entitled to same. Appellee agreed and the

court entered an order that it was undisputed appellant was entitled to alimony and child support, with the amount and terms thereof subject to determination. The court also ordered, "No evidence as to fault shall be offered or admitted."

We granted interlocutory appeal with respect to the limiting order and reverse.

1. Although the decision of this court in *Bryan v. Bryan,* 242 Ga. 826 (251 SE2d 566) (1979) had not been decided at the time the trial judge entered his order, the holding therein controls the disposition of this case. Following previous decisions of this court in *Lindsey v. Lindsey,* 238 Ga. 685, 687 (235 SE2d 6) (1977); *Weaver v. Weaver,* 238 Ga. 101 (230 SE2d 886) (1976) and *Anderson v. Anderson,* 237 Ga. 886, 887 (230 SE2d 272) (1976), the Georgia legislature amended Code Ann. § 30-201, Ga. L. 1977, pp. 1253, 1257, changing the effect of those cases. We said in *Bryan v. Bryan,* supra, "[t]he factual cause of the parties' separation was made relevant to both the issues of entitlement and amount of alimony, regardless of the grounds on which the divorce is granted. Similarly, the husband's conduct toward the wife could be considered on the decision whether to grant alimony or not." We further observed that there are three considerations to be followed in applying the terms and provisions of Code Ann. § 30-201, as amended by the 1977 Acts: "1 — [I]s wife barred entirely by adultery or desertion? 2 — [I]f not, the decision whether to grant her alimony should be made considering the factual cause of the separation and considering husband's conduct toward her; and, finally 3 — the amount of alimony should be set considering the factual cause of the separation, the wife's need and the husband's ability to pay." *Bryan v. Bryan,* supra, at 827.

Following the decision of the Supreme Court of the United States in Orr v. Orr, —— U. S. —— (99 SC 1102, 59 LE2d ——) (1979) decided March 5, 1979, we held in *Stitt v. Stitt,* 243 Ga. 301 (253 SE2d 764) (1979) that Code Ann. § 30-201 and other portions of the Georgia alimony laws were unconstitutional as violative of the Equal Protection clause of the Fourteenth Amendment. Almost immediately the Georgia legislature enacted Act 86, General Assembly 1979 session, signed by the Governor

on April 4, 1979, which re-enacted the former Code § 30-201. The newly enacted Code section merely eliminates gender from consideration in the awarding of alimony and grants to either spouse the right to assert a claim to the same. As far as evidence to be considered in making the alimony determination, the words of the new statute are almost identical to the statute as it existed following the 1977 amendment and prior to our holding in *Stitt v. Stitt,* supra.

This being true, the decision of this court in *Bryan v. Bryan,* supra, would again be applicable and the factual causes of the separation and the conduct of the parties would be admissible on the question of determining the amount of alimony, even though the husband concedes that the wife is entitled to alimony in the case.

2. We conclude as we did in *Bryan v. Bryan,* supra, that the legislature again intended the latest re-enactment to operate to allow "pre-statute" conduct to be admitted where relevant, and the statute, construed to permit the admissibility of evidence of acts of misconduct occurring prior to the date of the enactment of the statute, as well as prior to the date of trial, is not void for retrospectivity. Because of the sequence of events herein outlined, it is not necessary to decide whether or not the order of the trial court was erroneous when entered or, if so, whether it later became valid when Code Ann. § 30-201 was declared unconstitutional. At the present time that portion saying, "No evidence as to fault shall be offered or admitted," is no longer valid and cannot be enforced.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 4, 1979 — DECIDED JUNE 20, 1979.

*Frankel, Hardwick, Tanenbaum, Fink & Clark, William F. Clark,* for appellant.
*Benjamin C. Abney,* for appellee.