36224. BODREY v. BODREY.

JORDAN, Presiding Justice.

Douglas MacArthur Bodrey, appellant, sued Janie Kay Bodrey, appellee, for divorce and custody of the couple's minor child. The appellee counterclaimed for divorce, custody of the child, child

support, and alimony. The parties were awarded a divorce on the pleadings. Following trial, the court awarded the appellee custody of the child and the jury awarded the appellee child support and alimony. The trial court denied the appellant's motion for new trial and the appellant appeals. We affirm.

1. The appellant contends that a preponderance of the evidence established both that "the separation between the parties was caused by [the appellee's] adultery . . .," and, that the custody of the child should have been granted to the appellant, and that consequently the trial court erred in overruling the appellant's motion for new trial.

There was sufficient evidence to support the verdict, and it will not be disturbed. *Pantone v. Pantone,* 206 Ga. 305 (57 SE2d 77) (1950).

The appellant's first enumeration of error is without merit.

2. The appellant complains, on the grounds of hearsay and non-authentication, that the trial court erred in admitting into evidence a "love" letter written to the appellant by a woman not the appellee which the appellee testified she found in the appellant's office desk drawer in 1968.

The trial court admitted the letter into evidence for the express and limited purpose of explaining certain subsequent conduct toward the appellant on the part of the appellee. The trial court's admission of the letter into evidence for this limited purpose did not violate the rule against hearsay evidence. Code Ann. § 38-302.

Authentication has been defined as "proof of authorship of, or *other connection with,* writings." (Emphasis supplied.) McCormick On Evidence, Chapter 22, p. 543, 2nd Ed. (1972). In the present case, authentication required, not proof of the letter's authorship, but proof of its relevancy for explaining the appellee's subsequent conduct toward the appellant. The appellee's testimony that she found the letter in her husband's office desk drawer constitutes such proof.

The appellant's second enumeration of error is without merit.

3. The appellant argues that although the trial court charged the jury that alimony is authorized "in accordance with [the claiming] party's *needs* and the spouse's *ability* to pay," the trial court erred in also charging the jury that "if a spouse is entitled to alimony, then an award should be made which would secure for that spouse the same standard of living which he or she would have enjoyed but for the separation of the parties."

It is well established that the jury may consider, as a factor in determining a spouse's need, the social standing and luxuries of life which the spouse had been enjoying and would have continued to

enjoy had there been no separation. *McNally v. McNally,* 223 Ga. 246, 248 (154 SE2d 209) (1976).

The third enumeration of error is without merit.

4. The appellant argues that the trial court erred in granting the appellee the right to open and close both the argument and evidence concerning the appellee's counterclaim for alimony.

The appellee had the burden of proof on the issue of alimony. *Hilburn v. Hilburn,* 163 Ga. 23, 25 (135 SE 427) (1926); see, Code Ann. § 38-103.

5. The appellant argues that the trial court erred in allowing the appellee's attorney to ask him certain questions which the appellant alleges tended to establish his adultery.

The present action constitutes a proceeding "instituted in consequence of adultery" under Code Ann. § 38-1606, and thus, neither party is "competent to testify to his own or his spouse's adultery." *Bryan v. Bryan,* 242 Ga. 826, 830 (251 SE2d 566) (1979).

Further, neither party is competent to testify to any facts showing or tending to show adultery, even if such facts would also tend to show cruel treatment. See *Lowry v. Lowry,* 170 Ga. 349, 358 (153 SE 11) (1930).

The contested questions inquired of the appellant whether he had known or dated a certain woman, and further, whether he had received phone calls and letters from her.

We conclude that although the contested questions do tend to establish an outside relationship, they do not imply an adulterous relationship with sufficient prejudice to warrant the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Bowles and Marshall, JJ., who dissent to Division 5 and to the judgment.*

Argued May 13, 1980 — Decided July 1, 1980.

*Arline S. Kerman,* for appellant.

*Walters, Davis, Ellis, Smith & Hudson, James D. Hudson,* for appellee.