36951. OWENS v. OWENS.

MARSHALL, Justice.

The appellant wife sued the appellee husband for divorce on the ground that their marriage is irretrievably broken. The husband answered, admitting that the marriage is irretrievably broken. Judgment on the pleadings was granted on the issue of divorce, the remaining alimony and property settlement issues being reserved for jury trial. During discovery, the appellant testified to certain admissions by the appellee that he is bisexual or homosexual, and she testified to certain instances during their marriage in which he had

displayed homosexual tendencies. The appellee filed a motion in limine seeking to exclude any evidence of his admissions or instances of homosexual behavior. The trial judge ruled that under Code § 38-1606 one spouse is prohibited from testifying to any tendencies toward, or admissions or instances of, adulterous heterosexual or homosexual behavior on the part of the other spouse. We granted the appellant's application for interlocutory appeal. We affirm.

1. "Code § 38-1603 allows a party to be a witness for himself on all relevant issues; but Code § 38-1606 creates an exception for proceedings 'instituted in consequence of adultery,' with the result that in such proceedings a party is not competent to testify to his own or his spouse's adultery." *Bryan v. Bryan,* 242 Ga. 826, 830 (251 SE2d 566) (1979). "Further, neither party is competent to testify to any facts showing or tending to show adultery, even if such facts would also tend to show cruel treatment. See *Lowry v. Lowry,* 170 Ga. 349, 358 (153 SE 11) (1930)." *Bodrey v. Bodrey,* 246 Ga. 122, 124 (269 SE2d 14) (1980). An alimony trial following the grant of a no-fault divorce is a proceeding "instituted in consequence of adultery" within the meaning of § 38-1606. *Bodrey v. Bodrey,* supra; *Bryan v. Bryan,* supra.

2. A person commits adultery when he or she has sexual intercourse with a "person" other than his or her spouse. Code Ann. § 26-2009 (Ga. L. 1968, pp. 1249, 1300). Therefore, both extramarital homosexual, as well as heterosexual, relations constitute adultery. See Patin v. Patin, 371 S2d 682 (Fla. App. 1979); Adams v. Adams, 357 S2d 881 (La. App. 1978).

3. We reject the appellant's argument that to construe "adultery" as that term is used in § 38-1606 as including homosexual relations would deny her due process of law. In our opinion, the construction which we place on the term "adultery" is more rational than the construction urged by the appellant, and it is, therefore, fully consonant with the due process clause.

4. We also reject the appellant's argument that under Code Ann. § 30-201 (Ga. L. 1979, pp. 466, 472) she should be allowed to testify to, and question the appellee concerning, his homosexual admissions and behavior.

Section 30-201 does provide that a party shall not be entitled to alimony if it is established by a preponderance of the evidence that the separation between the parties was caused by that party's adultery, and it also provides that in alimony cases the court shall receive evidence of the factual cause of the separation and the conduct of each party toward the other. However, it still remains that under § 38-1606 neither spouse is competent to testify to facts showing or tending to show his or the other spouse's adultery, even if

such facts would also be admissible under § 30-201. See *Bodrey v. Bodrey,* supra; *Lowry v. Lowry,* supra. To the extent that the adultery of either spouse is admissible under § 30-201, it must be proved through evidence other than the testimony of the parties.

*Judgment affirmed. All the Justices concur, except Clarke, J., who dissents.*

DECIDED FEBRUARY 11, 1981.

*Charles Hyatt, Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellant.

*Archer D. Smith III, John M. Leiter,* for appellee.

CLARKE, Justice, dissenting.

The trend in recent years has been to liberally construe rules relating to the admissibility of relevant evidence. In my opinion, rules and statutes which impose a status of incompetence upon a witness to testify to otherwise admissible facts should be strictly construed. The General Assembly has made a public policy statement by mandating that the court shall consider evidence of the conduct of each party toward the other in determining whether or not to grant alimony. Code Ann. § 30-201. The incompetency to testify imposed by Code Ann. § 38-1606 should be construed with a view toward what I perceive to be the state's public policy that rules against the admission of relevant evidence be strictly construed.

Under the holding of the majority in this case, one spouse would be allowed to testify that the other spouse was guilty of nagging and fussing and thereby reap whatever benefit might result from the jury's knowledge of this fact. At the same time, the other spouse, who might have knowledge of his or her spouse's homosexual conduct outside the marriage, would not be allowed to share this knowledge with the jury. I do not believe that the definition of adultery demands that homosexual relationships fall within it. That being the case, I believe the majority erred in depriving one spouse of the right to testify of knowledge of the other spouse's homosexual conduct. For these reasons, I would have reversed the trial court and allowed the wife to testify.