67388. ALLEN v. THE STATE.

SHULMAN, Presiding Judge.
Appellant was ·convicted of prostitution. On appeal, he claims that the trial court erred in denying his motion for directed verdict of acquittal because it was factually impossible for him to have had "sexual intercourse" with the man whom he allegedly solicited. Appellant also asserts the general grounds and claims that the trial court issued a jury instruction that was an erroneous statement of law.

1. Appellant, a transvestite, approached an undercover police officer and asked him how much money the officer had on his person. When the officer replied that he had $35, appellant stated that that was fine and asked him if he wanted to "screw." The police officer immediately arrested appellant for prostitution.

Appellant claims that his motion for a directed verdict of acquittal should have been granted for two reasons. First, appellant argues that since he was a male he could not offer to sell sexual intercourse to another male. Second, even assuming that the testimony of the police officer was true, appellant claims he committed the offense of solicitation of sodomy (OCGA § 16-6-15), and not prostitution, the offense for which he was convicted.

OCGA § 16-6-9 provides: "A person commits the offense of prostitution when he performs or offers or consents to perform an act of *sexual intercourse* for money." (Emphasis supplied.) The result of the instant case turns on the construction given the phrase "sexual intercourse." The Supreme Court, in *Owens v. Owens,* 247 Ga. 139 (2) (274 SE2d 484), held that "[a] person commits adultery when he or she has *sexual intercourse* with a 'person' other than his or her spouse. [OCGA § 16-6-19] (Ga. L. 1968, pp. 1249, 1300). Therefore, both extramarital homosexual, as well as heterosexual, relations constitute adultery. [Cits.]" (Emphasis supplied.) Since "sexual intercourse" is a necessary element of both adultery *and* prostitution, it is logical to conclude that the definition of sexual intercourse should be uniform in both instances. It follows that a person may commit the crime of prostitution by offering to engage in homosexual acts for

money.

Appellant's claim that he should have been charged with solicitation of sodomy is erroneous. OCGA § 16-6-15 does not include as an element of the offense the offer to perform sodomy *for money*. Accordingly, appellant was properly charged with the offense of prostitution, and his motion for a directed verdict of acquittal was correctly denied by the trial court.

2. Appellant argues that it was error for the trial court to include as a part of its jury charge the following quotation: " 'The offense [of prostitution] is defined in terms of commercialization: the sale, offer to sell, or consent to sell *physical intimacies* for money.' " (Emphasis supplied.) *State v. Gaither*, 236 Ga. 497 (1) (224 SE2d 378). It has frequently been held that ". . . the language employed by a judge of a reviewing court in discussing a case, or in giving reasons for a decision, is not always appropriate for use by a trial judge in charging a jury." *Leonard v. State*, 133 Ga. 435, 437 (66 SE 251). We believe that the purpose of the Supreme Court's statement in *Gaither* was to emphasize the commercial aspect of prostitution and was not intended to expand the types of sexual acts that constitute sexual intercourse. However broad the use of the phrase "physical intimacies" in lieu of "sexual intercourse" in a jury charge may be, in the present case the inclusion of the *Gaither* quotation in the trial court's charge to the jury was harmless. The police officer whom appellant allegedly solicited testified that appellant asked him if he wanted to "screw." Both the officer and appellant testified that the term "screw" as used in the homosexual community generally referred to anal intercourse. Therefore, it is highly unlikely that the jury instruction in question misled the jury to believe that an offer to sell a sexual act other than heterosexual or homosexual intercourse could authorize a conviction for prostitution. It follows that appellant's enumeration is without merit. *Leonard v. State*, supra. See *Thurmond v. State*, 161 Ga. App. 602, 605 (288 SE2d 780).

3. Finally, appellant contends that the verdict of the jury was against the weight of the evidence. The evidence revealed that appellant, dressed in women's clothing, approached the police officer and offered to "screw" for $35. We have already determined that the sexual act offered by appellant falls under the definition of sexual intercourse as that term is used in OCGA § 16-6-9. Furthermore, it is well settled that a person neither has to *accept* money to commit the offense, nor does he have to actually consummate the transaction; rather, to commit the crime he need only offer to perform an act of sexual intercourse for money. *Moore v. State*, 231 Ga. 218, 219 (201 SE2d 146). We believe that the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that appellant was guilty as charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 278,

61 LE2d 560); *Hicks v. State*, 149 Ga. App. 459 (2) (254 SE2d 461).
*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 15, 1984 —
REHEARING DENIED MARCH 5, 1984 —

*Michael R. Hauptman*, for appellant.
*James L. Webb, Solicitor, Thomas W. Weathers III, Deborah S. Greene, Assistant Solicitors*, for appellee.

ON MOTION FOR REHEARING.

Appellant contends on motion for rehearing that the effect of this decision is to merge sodomy offenses with sexual intercourse offenses. We find that argument meritorious in part, but not completely.

Aggravated sodomy would not, as appellant suggests, be prosecuted as rape because OCGA § 16-6-1 expressly requires the "penetration of the female sex organ by the male sex organ." However, appellant's argument that consensual sodomy has been merged into the offenses of fornication and adultery is a point well taken. Nonetheless, we are bound by the mandate of the Supreme Court in *Owens v. Owens*, 247 Ga. 139 (2) (274 SE2d 484).