## A92A1343. PAK v. THE STATE.
### (424 SE2d 292)

ANDREWS, Judge.

Appellant was tried and convicted of masturbation for hire and appeals. Evidence at trial was that Detective Parmalee received a massage from appellant, for which he paid $60. At the conclusion of the massage, appellant offered the detective a sexual massage. She stated that there was no set price for the massage and that she would perform the sexual massage in exchange for a "tip." No sum certain was set for the amount of tip and it remained Parmalee's decision as to whether to tip appellant. She sexually massaged Parmalee and Parmalee tipped her $20.

The State raises a question of jurisdiction, which we find without merit, and therefore address appellant's substantive enumerations.

In her two enumerations of error, appellant argues that the trial court erred in denying her motion for new trial and erred in denying her motion for judgment of acquittal notwithstanding the verdict. Both arguments are based on the fact that she did not demand a sum certain for performing the sexual massage, but simply indicated that Parmalee could tip her.

The statute at issue here is OCGA § 16-6-16 (a), which provides: "A person, including a masseur or masseuse, commits the offense of masturbation for hire when he erotically stimulates the genital organs of another, whether resulting in orgasm or not, by manual or other bodily contact exclusive of sexual intercourse or by instrumental manipulation for money or the substantial equivalent thereof."

First, appellant argues that the accusation was insufficient since it did not specifically track the language of the statute and state that the act was done "for money or the substantial equivalent thereof. . . ." This contention is without merit. The accusation refers to a "masturbation for hire" and references the relevant Code section. It is apparent from the accusation that appellant was charged with performing masturbation for "money or the substantial equivalent thereof" and this argument is without merit. See generally OCGA § 17-7-71 (c).

Secondly, appellant contends that the evidence at trial was insuf-

ficient since it did not establish that the act was performed for money. She argues that she and Parmalee did not reach an agreement regarding the exact price, which was an essential element of a contract between the parties, and that therefore an element of the crime charged is missing.

This argument is also without merit. Although we have been unable to locate cases under OCGA § 16-6-16 (a), which address the requirement that the act be done "for money or the substantial equivalent thereof," there are several cases which discuss the payment element in the analogous context of prostitution, OCGA § 16-6-9. For example, in *Anderson v. State*, 149 Ga. App. 460 (254 SE2d 459) (1979), appellant demurred to the accusation on a similar ground: that the accusation did not allege the amount of money requested by appellant. The court stated that the offense "*does not require that the state allege or prove an exact amount of money*; it requires only that the defendant perform or offer to perform sexual intercourse for money." Similarly, in *State v. Gaither*, 236 Ga. 497 (1) (224 SE2d 378) (1976), the court explained that the section barring prostitution is applicable to "sellers" of sexual intercourse for money and that the offense is defined in terms of commercialization: in other words, the sale, offer to sell or consent to sell physical intimacies for money. See also *Moore v. State*, 231 Ga. 218 (3) (201 SE2d 146) (1973); *Allen v. State*, 170 Ga. App. 96 (316 SE2d 500) (1984); *Shab v. State*, 187 Ga. App. 513 (370 SE2d 775) (1988) (the defendant explained that he worked "on tips and we will discuss how much when we are through").

In the instant case, appellant's argument is *not* that her offer to perform the act was free of reference to money; she simply argues that the price of the service was uncertain. Despite this fact her offer was clearly a commercial offer; appellant agreed to perform the service in exchange for a tip and there was evidence that after the act, she requested a tip. To argue that the agreement between appellant and Parmalee was devoid of reference to money is disingenuous; the fact that the matter of the tip was left to Parmalee's discretion does not change this.

Accordingly, the evidence supporting appellant's conviction was sufficient and the trial court properly denied both of her motions.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 9, 1992 —
RECONSIDERATION DENIED OCTOBER 30, 1992

*Stephen B. Wallace II, Albert B. Wallace,* for appellant.
*Keith C. Martin, Solicitor, Kimberly C. Carr, Jackie Stanton,*

*Assistant Solicitors*, for appellee.